Argued March 3, affirmed March 23, 1966

# STATE OF OREGON *v.* TRANCHELL

412 P. 2d 520

216

*Oscar D. Howlett,* Portland, argued the cause and filed a brief for appellant.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before MCALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and SCHWAB, Justices.

GOODWIN, J.

Defendant appeals a conviction of burglary not in a dwelling. The principal assignment of error challenges the refusal of the court to grant a mistrial.

On direct examination, a police officer was unnecessarily asked whether the defendant had identified himself as Gerald Curtis Rogers. The officer replied that he had. Defense counsel, believing that his client had been prejudiced by the state's injection of the idea of an "alias," attempted upon cross examination to bring out an innocent explanation of the name by which the defendant was commonly known. (The defendant's parents had been divorced and his step-father's name had been Rogers.) Instead of cooperating in counsel's endeavor, the police officer answered, "He's known under several different names." It was at this point that the defendant moved for a mistrial.

In the case at bar, the matter of the alias was irrelevant and should not have been brought into the trial. Part of the defendant's problem, however, was of his own confection. It was not necessary to press

the officer with questions about the defendant's true name.

We have held many times that the ruling upon a motion for mistrial will not be reversed upon appeal unless there is a clear showing that the trial court abused its discretion. *State v. Hedrick,* 233 Or 131, 377 P2d 323 (1962), and cases cited therein. There was no such abuse in this case.

The second assignment of error challenges the refusal of the trial court to require the same officer, as a witness, to turn over to the defense counsel his notebook. The officer said that the notebook contained notes concerning other cases. The court stated that it would not require the officer to surrender his notes concerning other cases, and the defense counsel apparently acquiesced in that ruling. The court allowed the defendant to examine all notes used by the officer to refresh his memory in the case at bar.

After the case was tried, this court decided *State v. Foster,* 242 Or 101 407 P2d 901 (1965). The *Foster* case dealt with the defendant's right, in a criminal case, to impeach a witness with his prior inconsistent statements concerning the subject matter of his testimony. We held that the state could be required to surrender for inspection and use by the defendant such statements in its possession. The case did not hold that a defendant could open the files of the district attorney for a general discovery of their contents.

In the case now before us, the defendant asked for, and was allowed to inspect, all of the officer's notes which related to the crime for which the defendant was being tried. Accordingly, there was no error in refusing to turn over to the defendant the officer's notes concerning other cases.

Affirmed.