Argued April 29, affirmed July 9, 1970

STATE OF OREGON, *Respondent*, No. 69-36 C
*v.* TOMMY KEFFER, *Appellant*.
471 P2d 438

58

*Del Parks,* Klamath Falls, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Jacob B. Tanzer, Solicitor General, and Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

BRANCHFIELD, J.

The defendant, Tommy Keffer, was convicted for selling a narcotic drug. He appeals.

██ Defendant submits four assignments of error. As his first assignment, he claims the trial court erred in denying defendant's motion for a mistrial.

During the voir dire examination of the first prospective juror, defense counsel inquired whether the juror had read anything about the defendant. The juror replied affirmatively, and in response to further questions stated that the name was familiar, although she was not sure the person she had read about was the same Mr. Keffer. When asked in what connection the name was familiar, she replied "for being picked up for various things, drugs, maybe." Defendant moved for a mistrial because, he claimed, inadmissible and prejudicial evidence of his prior criminal involvement had been placed before all the prospective jurors. The motion was denied.

A motion for mistrial is addressed to the discretion of the trial court who is in a superior position to determine whether or not the defendant has been prejudiced. Only a clear showing of abuse of discretion will warrant reversal. *State v. Elkins*, 248 Or 322, 432 P2d 794 (1967); and *State v. Hoffman*, 236 Or 98, 385 P2d 741 (1963). Defendant's first assignment of error is without merit.

██ For his second assignment of error defendant contends that the trial court erred in denying him the right to examine the entire written statement of one of the state's witnesses, John Tinker, for use in cross-examining him. The remainder of the statement concerned several additional, but unrelated, narcotics purchases Tinker had made for the police. In proceedings held outside the presence of the jury, the judge read the entire statement and ruled that the defendant had been furnished with the only part of the statement relevant to the case at bar.

*State v. Foster,* 242 Or 101, 407 P2d 901 (1965), upon which the defendant based his motion, held that a criminal defendant has a right to examine the written statements of prosecution witnesses for impeachment purposes. The scope of the permitted examination is within the discretion of the trial court. *State v. Jacobs,* 252 Or 433, 450 P2d 542, 74 ALR2d 181 (1969). There was no error in refusing to allow defendant to inspect portions of Tinker's statement which were irrelevant to his case. See *State v. Tranchell,* 243 Or 215, 412 P2d 520 (1966).

■ In his third assignment of error defendant contends that the trial court erred in instructing the jury that the possession and sale of narcotic drugs were unlawful under the same statute. The instruction given by the court reads as follows:

"The statute under which he has been indicted so far as is material here, reads as follows: this is O.R.S. 474.020, subsection 1, which reads, 'It shall be unlawful for any person to manufacture, possess or have under his control, *sell—and that is what we are concerned with here, because that is what is charged*—any narcotic drug, except as authorized in this chapter.' * * *" (Emphasis supplied.)

As a general rule it is not erroneous for the court to instruct the jury by defining the crime in the language of the statute if the jury is not confused or misled thereby. See: 53 Am Jur, Trial § 639, p. 494; and 23 A 635, Criminal Law § 1194, pp. 493, 498. *State v. Livingston,* 2 Or App 587, 469 P2d 632 (1970). The emphasized portion of the contested instruction, supra, clearly informed the jury that defendant was being tried only for the crime of selling a narcotic drug.

For one instruction standing alone to constitute reversible error it must have been such as would have

prejudiced the defendant when the instructions are considered as a whole. *State v. Gowin,* 241 Or 544, 407 P2d 631, 19 ALR2d 1352 (1965). The possibility that the jury was misled and the defendant thereby prejudiced was, however, nullified when the court further instructed the jury by reading the indictment which charged the defendant only with the sale of a narcotic drug, and by fully defining the material allegations of the indictment which also spoke only of selling, not possession. The jury is presumed to have following the court's instructions. *State v. Oland,* 1 Or App 272, 461 P2d 277 (1969), Sup Ct *review denied* (1970). Accordingly, this assignment is without merit.

■ Defendant's fourth assignment of error is that the court erred in failing to instruct the jury that the indictment is not evidence of defendant's guilt. The failure to so instruct appears to have been inadvertent. As part of his requested instructions, defendant submitted to the court a list of 13 Oregon State Bar Uniform Jury Instructions, by number only, including number 220.01. Defendant says the rule of court in Klamath County permits a request for uniform jury instructions to be made in this manner. Defendant excepted in the following manner:

> "THE COURT: Counsel may have exception to the refusal of the court to give instructions requested and also for giving a modified form of any instruction so requested. The defendant may take first exception.
>
> "MR. PARKS: I hope that is sufficient, I assume that it is."

Oregon State Bar Criminal Law Handbook, § 11.15 reads in part as follows:

> "* * * When taking exception to an instruction given by the court, always point out where

the instruction is error. Be as specific as possible. Remember that your taking exception to an instruction is not mere formality; it is your ethical duty to assist the court in making certain that the jury is properly instructed on all issues."

While that publication does not have the force and effect of law, it is valuable assistance to an attorney trying a criminal case. The portion quoted sets forth the reason for the rule requiring counsel to point out to the court specifically where counsel thinks the court has erred in the instructions. This allows the court to make prompt correction of any error which may have occurred.

Both counsel have agreed that no prior Oregon case has ruled on the question here presented, that is, whether it is error for the trial court to fail to give an instruction that the indictment is not evidence, when such instruction is requested. There are cases from some jurisdictions holding that the failure or refusal of the court to give such instruction is reversible error. Other courts have held that it was not error to fail to give such instruction when the jury was not misled into thinking that an indictment is evidence of guilt, if the jury was properly instructed as to the presumption of innocence, burden of proof and reasonable doubt. Cases so holding include *United States v. Martin*, 223 F2d 666, 667 (2d Cir 1955); *State v. Sauerbry*, 233 Iowa 1076, 10 NW2d 544, 546 (1943); *State v. D'Orio*, 136 NJL 204, 51 A2d 97 (1947); *Galan v. State*, 164 Tex Cr App 521, 301 SW2d 141, 143 (1957); *Gaertner v. State*, 35 Wis 2d 159, 150 NW2d 370, 378 (1967). The tests suggested in those cases are met here.

The record does not disclose any suggestion that the indictment was to be considered evidence in this

case. The trial court consistently referred to the matters contained in the indictment as merely "allegations" or "charges". The judge spoke of the indictment itself as charging defendant with the crime of selling narcotics. The court instructed the jury that the verdict was to be based only upon the court's instructions and upon the evidence in the case. He also instructed the jury that the state had the burden of proving each of the indictment's material allegations and defined those allegations. The jury was instructed that the defendant was presumed innocent and that it was incumbent upon the state to prove to the satisfaction of the jury beyond a reasonable doubt the charges set forth in the indictment.

It is good practice to give such instruction when requested. However, the fact that the trial judge overlooked defendant's requested instruction that the indictment was not evidence and failed to include language to that effect in his instructions was not prejudicial error when the instructions are considered as a whole.

Affirmed.