Argued April 29, affirmed July 23, petition for rehearing denied September 8, petition for review allowed by Supreme Court October 20, 1970. ▮

STATE OF OREGON, *Respondent*, No. C-50699 *v.*
MILDRED JEAN WOOLARD, *Appellant.*

472 P2d 837

*Ken C. Hadley*, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Jacob B. Tanzer, Solicitor General, and Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

## BRANCHFIELD, J.

The defendant was tried and convicted on both counts of an indictment which charged her in Count I with burglary in a dwelling, and in Count II with larceny in a dwelling. Upon conviction, she was sentenced to an indeterminate term not to exceed six years on each count, which were imposed to run concurrently. She appeals the judgment of conviction, alleging: (1) that the trial court erred in finding the defendant guilty of both burglary and larceny when both arose from the same criminal transaction; and (2) that the trial court erred in denying defendant's motion for mistrial.

At her trial, the evidence indicated that the defendant and an accomplice broke into and entered the motel room of a Mr. and Mrs. Robert G. Fox, and stole therefrom clothing, jewelry, and other items of their personal property. At the conclusion of the state's case the defendant moved for a judgment of acquittal on either Count I or Count II of the indictment. She contends that since the evidence showed that both crimes were committed during the same criminal act and transaction, she cannot be separately convicted of

both. This contention was disposed of adversely to the defendant in *State v. Kennedy,* 250 Or 422, 443 P2d 226 (1968).

■ Defendant's second assignment of error was that the court erred in denying her motion for a mistrial after the district attorney implied to the jury, through his cross-examination of the defendant, that the defendant was in custody on a charge different from the one on which she was then on trial. After the defendant moved for a mistrial, the trial court heard extensive arguments out of the presence of the jury. At the conclusion of these arguments, the court denied defendant's motion and cautioned the jury that the question asked by the district attorney was improper and that they were to give this matter no consideration at all. The court again warned the jury during his instructions that as a matter of law they were to disregard this entire matter.

■ A motion for mistrial is addressed to the discretion of the trial court who is in a superior position to determine whether or not the defendant has been prejudiced. *State v. Keffer,* 3 Or App 57, 471 P2d 438 (July 9, 1970); and *State v. Steffes,* 2 Or App 163, 465 P2d 905, Sup Ct *review denied* (1970).

Affirmed.