Argued March 15, affirmed in part, reversed in part July 1,
petition for rehearing denied July 27, petition for
review denied October 19, 1971

# STATE OF OREGON, *Respondent, v.*
# RODNEY LeROY SMITH, *Appellant.*

487 P2d 90

*William L. Hallmark*, Portland, argued the cause for appellant. With him on the briefs were McMenamin, Jones, Joseph & Lang, Portland.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Defendant was convicted by a jury on two counts: Burglary not in a dwelling (ORS 164.240) and larceny of property of a value not in excess of $75 (ORS 164.310 (1)(b)). He was sentenced to five years' imprisonment on the burglary conviction and to six months on the larceny conviction, such sentences to run consecutively.

On appeal, defendant contends that the trial court erred (1) by refusing to grant his motion to dismiss the burglary charge on the grounds that there was insufficient evidence of intent; (2) by discriminating against defendant in the sentencing procedure because he was a minister; (3) by imposing an ex-

cessive sentence which violates the prohibition against cruel and unusual punishment in both the federal and state constitutions; and (4) by sentencing him for both burglary and larceny.

Defendant was a minister at the Church of the Nazarene in John Day. He was also employed part-time as a janitor at the John Day Pharmacy. About midnight on January 17, 1970, defendant was stopped by a policeman as he was leaving the premises of the pharmacy. Defendant explained his presence in the drugstore at this late hour by saying that he had come to see the pharmacist to obtain a refill of a prescription for cold pills.

Defendant claimed that when he arrived at the pharmacy at approximately 11:50 p.m., the door was unlocked and he went in to find the proprietor; that upon entering he discovered that the proprietor was not there, called his (defendant's) wife and then left. The proprietor testified that he went to the pharmacy at 10 p.m. on January 17, found the door unlocked, went inside and found nothing amiss. He did not remember if he locked the door when he left.

The state showed that on February 11, 1970, defendant redeemed five full books and two partial books of trading stamps at the pharmacy. Laboratory examination of the ends of the stamps in at least one of the redeemed books established that they had originally been in a continuous strip. The stamps in this particular book were acquired by the pharmacy on January 15, 1970. It was also established that these particular stamps were removed from the pharmacy between January 16 and 19. A full book represents $150 purchase, although their actual value is $2.75. Neither the defendant nor anyone else had made that large a purchase in January.

■ 1. As we held in *State v. Kelly,* 5 Or App 103, 107, 482 P2d 748 (1971), where the charge was burglary in a dwelling:

> "* * * Circumstantial evidence may be sufficient to prove an intent to steal, even though nothing was actually taken. *State v. Hicks,* 213 Or 619, 626-29, 325 P2d 794 (1958); *Hebb v. State,* 10 Md App 145, 268 A2d 578 (1970) * * *."

Here the evidence showed that at least a portion of the stamps in the trading stamp books redeemed by defendant had originally been in a continuous strip; that the stamps were acquired by the pharmacy on January 15 and were removed from the pharmacy between January 16 and 19; that the stamps in question represented a sale of $150; that neither defendant nor anyone else had made that large a purchase during the period in which the stamps in question would have been issued by the pharmacy. In addition, cash which was in the cash registers of the pharmacy at the close of business on the night of the alleged burglary had been removed therefrom and placed in a tool tray in the back room of the pharmacy.

We conclude that the above evidence afforded a sufficient basis from which the jury could reasonably infer that the defendant had an intent to commit a crime at the time he entered the pharmacy.

This court may reverse such a finding only if it determines that the inference drawn was not reasonable. *State v. Christenson,* 5 Or App 335, 339, 483 P2d 84, 92 Adv Sh 899, 484 P2d 853, Sup Ct *review denied* (1971).

Defendant's contention cannot be sustained.

■ 2. Defendant next contends that the trial judge

violated Oregon Constitution, Art I, § 20,[1] and the Fourteenth Amendment to the United States Constitution,[2] both of which protect the citizen against denial of equal protection, because the judge considered the fact that defendant was a minister.

At that time the court stated:

> "Well, Smith, I have a lot of personal sympathy for you, but I think it's like this—I feel that judges and district attorneys have accepted bribes, lawyers and bankers have embezzled money, doctors and druggists who deal in narcotics and traffic in drugs, and ministers and teachers and people of that nature who break and enter and steal, I just don't think deserve probation. I think that all of us realize this when we take the job that we do. I just don't think I have any choice. I'm going to sentence you to the State of Oregon Correctional Division for a period of five years on the breaking and entering charge. On the larceny charge, I'm going to sentence you to the Grant County Jail for a period of six months."

The words of the trial judge leave no doubt that he was influenced in sentencing and denying probation by the fact that the defendant was a minister. However, this fact would not constitute a denial of equal protection of the law. See *Bratton v. Sigler,* 235 F Supp 448 (DC Neb 1964).

Courts are empowered to exercise a broad latitude of discretion in determining the precise sentence to be imposed when the statute which has been violated

---

[1] Oregon Constitution, Art I, § 20:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

[2] United States Constitution, Fourteenth Amendment:

"* * * No state shall * * * deny to any person within its jurisdiction the equal protection of the laws."

sets minimum and/or maximum limits on sentencing. ORS 137.010. In arriving at its sentence, the court may consider circumstances in aggravation or mitigation of punishment. ORS 137.080. In deciding the period of time to which defendant should be sentenced, and whether or not probation should be granted defendant, the court was entitled to consider defendant's education and background.

■ 3. Defendant contends that the sentence imposed was so excessive as to constitute cruel and unusual punishment. Inasmuch as the sentence imposed on each charge was well within the maximum authorized by statute the same does not constitute cruel and unusual punishment. *State v. Fraley,* 2 Or App 238, 467 P2d 683 (1970); *State v. Chilton,* 1 Or App 593, 465 P2d 495 (1970).

■ 4. Finally, defendant urges that the trial judge erred in sentencing him for both larceny and burglary. We postponed our decision in the instant case awaiting the decision of our Supreme Court in *State v. Woolard,* 259 Or 232, 238, 484 P2d 314, *reh denied* 485 P2d 1194 (1971). In *Woolard* the court ruled that

"\* \* \* one breaking and entering with intent to commit larceny can only be convicted and sentenced for either burglary or larceny, but not for both."

This opinion was clarified on June 23, 1971, by holding further that where, as here, defendant was convicted and sentenced for both burglary and another crime arising out of the same criminal conduct, the sentence to be imposed in such a case is "for the more serious crime."

In light of *Woolard,* it becomes mandatory that defendant's sentence for larceny be vacated.

Accordingly, the conviction and sentence of the defendant for the crime of larceny is hereby vacated and set aside. The conviction and sentence for burglary is affirmed.

Affirmed in part; reversed in part.