Argued March 28, affirmed in part, reversed in part April 13,
petition for rehearing denied May 25, 1972

## STATE OF OREGON, *Respondent, v.*
## JAMES L. BURNS (No. 26047), *Appellant.*

495 P2d 1240

*F. E. Glenn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Burgess, Special Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

Defendant's appeal from convictions and sentences to run concurrently for both burglary in a dwelling, former ORS 164.230, and larceny over $75, former ORS 164.310, presents a *Woolard* question. *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971).

Count I of the indictment charged defendant did "break and enter a certain dwelling house of another, to wit: the dwelling house of Mary Goldblatt * * * with the intent to steal therein." Count II charged "as part of the same act and transaction" defendant did "steal and drive away certain personal property of another, to-wit: a 1969 Ford pickup * * * the personal property of Mary Goldblatt."

The evidence was that defendant pried open a basement window and entered the house. He went through most or all of the rooms in the house, forcing open several interior doors that were locked. He then went into the garage and stole the pickup truck referred to in the indictment.

Defendant contends his conviction for larceny based on Count II should be reversed because these facts are identical with those of *Woolard,* which held that a person breaking and entering with the intent to

commit larceny can only be convicted and sentenced for burglary, not for both burglary and larceny. The state argues these facts are distinguishable from *Woolard* because defendant did not intend to steal Mary Goldblatt's pickup at the time he entered her home.

The state's suggested distinction misconstrues *State v. Woolard,* 3 Or App 291, 472 P2d 837, *modified* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971). In that case

"\* \* \* the evidence indicated that the defendant and an accomplice broke into and entered the motel room of a Mr. and Mrs. Robert G. Fox, and stole therefrom clothing, jewelry, and other items of their personal property \* \* \*." 3 Or App at 292.

There was no evidence that the *Woolard* defendant had the specific intent to steal "clothing, jewelry, and other \* \* \* personal property." Instead, the evidence was that the *Woolard* defendant had the specific intent to commit *a larceny* at the time of her unlawful entry into the motel room.

■ This is consistent with the general law of burglary. The state must prove that the defendant had the intent to commit any crime within the burglarized premises. This is satisfied by proof that the defendant intended to steal anything and/or everything of value discovered in the premises. The state is not required to go to the extreme of proving the defendant had the intent to steal any one specific item.

In suggesting this specific-intent-to-steal-a-pickup distinction, the state relies on the following language from *Woolard:*

"\* \* \* We do not intend to bar the conviction

and sentence for some crime not intended at the time of breaking and entering but committed after the breaking and entering * * *."

In context, however, this passage is concerned with crimes other than larceny. When, as here, the defendant is charged with burglary, one element of which was an intent to steal, *Woolard* holds that there cannot be separate convictions and sentences for burglary and larceny.

■ The result might be different if the record established that the victim's house and garage were separate, unconnected buildings. Then, if the garage were not a dwelling house as defined in former ORS 164.210 (2), defendant could properly be convicted for the separate crimes here involved. However, the indictment and the record imply that the house and garage are connected, and thus a single dwelling house under former ORS 164.210 (2). In any event, the state has failed to prove they are unconnected buildings which would be an element of a valid separate larceny charge under *Woolard.*

The conviction and sentence of defendant for larceny (Count II) is vacated. The conviction and sentence for burglary (Count I) is affirmed.