Argued July 27, affirmed September 18, petition for rehearing
denied October 11, petition for review denied
November 28, 1972

STATE OF OREGON, *Respondent*, v. JERRY DALE
BETZ (No. C 71-12-3760 Cr), *Appellant*.

500 P2d 1219

*F. E. Glenn,* Deputy Public Defender, Salem, argued
the cause for appellant. With him on the brief was
Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General,
Salem, argued the cause for respondent. With him

on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

The defendant was indicted in two counts for the crimes of burglary not in a dwelling (former ORS 164.240) and larceny in a building (former ORS 164.320). One sentence only was imposed following conviction of both by a jury. He appeals asserting several errors.

We take the following statement of facts from defendant's brief:

In the early morning hours of December 4, 1971, a Mr. Black was summoned to his grocery and found it had been broken into. He found someone had broken a plate glass window in the door and had taken some cigarettes and money. The money was in the form of coins and amounted to four to six dollars. A service station attendant observed a man break into the grocery and enter. He called the police.

Portland police officers arrived at the scene and apprehended the defendant inside the grocery. Defendant had on his person $5.69 in change and five packages of cigarettes.

Officer Huff testified that at the time of apprehending the defendant he was steady, coherent and cooperative. The defendant did have the smell of alcohol on his breath but did not appear to be under the influence. In response to questions from the police the defendant gave his name, date of birth, address

and employment without difficulty. He told the officers he was in the grocery because he was after some food; he was hungry.

Officer Groepper assisted in the arrest and testified that the defendant was pretty well shook up but no more so than the average person arrested.

Additionally, the evidence was uncontradicted that the police arrived at the scene of the burglary about one minute after they were summoned by the service station attendant who saw the break-in and that the five packages of cigarettes found on defendant's person were of four different brands. The owner of the grocery store also testified that other cigarette packages had been removed from their accustomed place and thrown in among the beer cases in the back room, where the police apprehended defendant.

In the course of its instructions the court gave the following instruction:

> "You are further instructed that you may infer an intent to steal on the part of the defendant from his presence in the building under circumstances showing a breaking and entering."

Defendant duly excepted thereto and assigns its giving as error.

In *State v. Gowin,* 241 Or 544, 548, 407 P2d 631 (1965), the Supreme Court said:

> "For an instruction standing alone to constitute reversible error it must have been such as would have prejudiced the defendant when the instructions are considered as a whole. *State v. Turnbow,* 99 Or 270, 193 P 485, 195 P 569."

See also, *State v. Keffer,* 3 Or App 57, 471 P2d 438

(1970); *State v. Hammick*, 2 Or App 470, 469 P2d 800 (1970).

Here the court elsewhere fully instructed the jury concerning all of the elements of burglary, each of which the jury was correctly told the state was required to prove to its satisfaction beyond a reasonable doubt. The instructions included as essential elements which the jury must find that the defendant broke into and entered the building described in the indictment and also "that at the time of the breaking and entering the defendant intended to steal property from the building." The court also instructed "that there are two elements to the crime of burglary not in a dwelling. One, an unlawful entry of a building with intent to steal therein and, two, the presence of property in such a building at the time of the entry."

In his brief defendant concedes that his breaking and entering the building was "a fact not seriously contested." His principal defense, which occupied more than half of the total trial testimony, was that he was so under the influence of alcohol and drugs that he was unable to form an intent and in fact did not know what he was doing. Defendant himself testified at length in support of that contention. He did not plead insanity, and that matter was not therefore an issue in the case.

The court fully instructed the jury concerning the legal effect of voluntary intoxication or voluntary consumption of drugs. It also gave the following instruction:

> "* * * [W]hile insanity is not an issue in this case, any testimony concerning the mental state of the defendant may be considered by you, the members of the jury, only for the purpose of de-

termining at the time of the alleged perpetration of the acts in question, the defendant had the specific intent to steal the property as alleged * * *."

No claim of error is urged concerning any of the foregoing. We think the instructions taken as a whole fully informed the jury not only of the requisite elements of the crime but also of both the contentions of the defendant and the burden of the state respecting proof of the element of intent. The defendant was not prejudiced by the challenged instruction.

The remaining assignments of error were either improperly preserved, and thus not considered, or are without merit.

Affirmed.