Argued February 27, affirmed in part, reversed
in part March 19, 1973

# STATE OF OREGON, *Respondent, v.* LYNN BRUCE MEYER (No. C-59652), *Appellant.*

507 P2d 824

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C.J.

A two-count indictment alleged that as part of the "same transaction" defendant committed the following crimes: burglary not in a dwelling (former ORS 164.240), and second degree arson (former ORS 164.030). The basis of the burglary charge was that defendant entered a certain building "with intent to wilfully and maliciously set fire to said building." A jury found defendant guilty of both counts. The circuit court entered judgments of conviction on both counts and sentenced defendant to ten years' imprisonment on each count, the sentences to run concurrently. Relying primarily on *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), defendant contends it was error to convict and sentence him on both counts. We agree.

Three questions are presented: (I) Does *Woolard* apply retroactively to this case in which judgment was entered before *Woolard* was decided?; (II) If so, is it necessary to vacate one of what the state calls "redundant concurrent sentences"?; and (III) If so, which sentence is to be vacated?

I

It is possible that a single transaction or course of conduct will violate different criminal statutes. In such situations a defendant can be *charged* with and *tried* for violating all relevant statutes. If the trier of

fact determines such a defendant is guilty of all charges, whether he can be *convicted* and *sentenced* on more than one count involves application of the rules of *Woolard*.

In the Supreme Court's initial *Woolard* decision, the plurality opinion, expressing the views of three members of the court, stated:

> "* * * [W]hether or not a defendant could be convicted either in single or successive trials for two offenses arising out of the same course of conduct depends upon the intent of the legislature in enacting the statutes creating the offense * * *.
> "* * * * * *
> "* * * [W]e interpret our statutes to provide that one breaking and entering with the intent to commit larceny can only be convicted and sentenced for either burglary or larceny, but not for both.
> "* * * * * *
> "Our decision should not be interpreted too broadly. We are only prohibiting the convicting and sentencing for both burglary and larceny * * *." 259 Or at 235, 238.

A specially concurring opinion, expressing the view of two members of the court, stated:

> "* * * In the absence of some indication that the legislature had a contrary objective * * * I would hold * * * that where the defendant breaks and enters with the intent to commit a specific crime and commits it, the state may prosecute for the two crimes but that the defendant may be convicted and punished for only one of them." 259 Or at 240.

An opinion denying the state's petition for rehearing in *Woolard,* expressing the views of five members of the court, stated:

> "* * * The rationale of the principal opinion

is that the breaking and entering essential to the crime of burglary is not to be viewed separate and apart from the ensuing criminal act which the defendant entered to commit. We did not feel that the legislature would have provided a 15-year penalty if burglary had been looked upon simply as a form of criminal trespass to property—and so we reasoned that the heavy penalty for the crime of burglary was intended to embrace also the penalty for the larceny which might follow. Accepting this assumption of legislative purpose, we do not think that the legislature would have intended to repose in the trial judge the option to sentence for either crime in his uncontrolled discretion. It is more reasonable to assume that if the defendant was found guilty of the crime of burglary, the trial judge would be bound to sentence him for the more serious crime against society. We so interpret the statute.

"On the other hand, if the defendant broke and entered with the intent to commit a crime carrying a greater maximum sentence than burglary and the defendant did commit such crime, the trial court would be bound to convict and sentence the defendant for the more serious crime." 259 Or at 242-43.

■ The *Woolard* opinion denying the petition for rehearing appears to be more in accord with the broader analysis of the initial specially concurring opinion than with the more restrictive analysis of the initial plurality opinion. Thus, we believe the applicable rule to be: In the absence of explicit statutory language or legislative history to the contrary, a criminal defendant cannot be convicted and sentenced for both burglary and a separate crime committed within the burglarized premises when the intent to commit that separate crime is one element of the burglary charge. We have previously proceeded on this understanding of *Woolard*. *State v. Schoene,* 10 Or App 390; 499 P2d 834, Sup Ct review denied (1972) (larceny, conspiracy to commit

theft and receiving and concealing stolen property);
*State v. Erbs,* 9 Or App 95, 496 P2d 38 (1972) (burglary and attempted rape); *State v. Burns,* 9 Or App
392, 495 P2d 1240 (1972) (burglary and larceny); *State
v. Farr,* 8 Or App 78, 492 P2d 305 (1971), Sup Ct *review denied, cert denied* 406 US 973 (1972) (burglary
and larceny); *State v. Smith,* 6 Or App 27, 487 P2d
90, Sup Ct *review denied* (1971) (burglary and larceny).

■ In this case defendant was charged with violating
former ORS 164.240 and former ORS 164.030. They
provided:

> "Any person who breaks and enters any building
> within the curtilage of any dwelling house, but not
> forming a part thereof, or breaks and enters any
> building or part thereof, booth, tent, railroad car,
> vessel, boat, or other structure or erection in which
> any property is kept and which is not a dwelling
> house, with intent to steal or to commit any felony
> therein, is guilty of burglary and shall be punished
> upon conviction by imprisonment in the penitentiary for not more than 10 years." ORS 164.240.

> "Any person who wilfully and maliciously or
> wantonly sets fire to or burns or causes to be
> burned, or who wilfully and maliciously or wantonly
> aids, counsels or procures the burning of any building or structure of any class or character, except
> those set forth in ORS 164.020, whether the property of himself or another, is guilty of arson in the
> second degree and shall be punished upon conviction by imprisonment in the penitentiary for not
> more than 10 years." ORS 164.030.

Nothing in the language of these statutes or the available legislative history indicates that the legislature
intended that a person who engaged in a course of
conduct similar to the present defendant's should be
convicted and sentenced for violation of both former

ORS 164.240 and former ORS 164.030. Any doubt about the legislature's intent should be resolved in defendant's favor. *Cf., State v. Welch,* 264 Or 388, 505 P2d 910 (1973). Under *Woolard,* separate convictions and sentences are improper in this case.

■ Since the *Woolard* rule is based on legislative intent, it applies to this case in which judgment was entered before *Woolard* was decided. *State v. Farr,* supra; *State v. Smith,* supra. There has been an absence of legislative intent that defendant can be convicted and sentenced for both crimes here involved since the statutes creating those crimes were first enacted. Since the *Woolard* rule is not constitutional in scope, none of the considerations applicable to whether a constitutional holding is retroactive are relevant here. *See, State v. Fair,* 263 Or 383, 502 P2d 1150 (1972).

## II

Pointing out that defendant received identical concurrent sentences, the state suggests that whether or not one should be vacated is moot. Many of the above cases have held that one of two concurrent sentences must be vacated. *State v. Woolard,* supra; *State v. Burns,* supra; *State v. Farr,* supra. The state contends those holdings were proper because of the existence of the former habitual criminal law, but that because that law has since been repealed and replaced by ORS 161.725 whether defendant is now imprisoned on a single ten-year sentence or two concurrent ten-year sentences is academic.

■ We disagree. The state overlooks that *Woolard* prohibits both a second *conviction* and a second *sentence* in this case. An improper judgment of conviction is not necessarily moot just because defendant will

remain incarcerated on a separate valid judgment of conviction. Whether defendant stands convicted of one or two felonies can have a variety of collateral consequences for him; for example, in those states that do have habitual criminal laws. As we said in *State v. Farr,* supra:

"* * * The error substantially affects defendant's status by placing one felony conviction against him which should not exist. * * *." 8 Or App at 82, n 1.

## III

■ When a defendant is tried for burglary and a separate crime committed within the burglarized premises, but, under *Woolard,* can only be convicted and sentenced for one crime, the relevant rules are: (1) If the burglary carries a greater possible sentence, he should be sentenced for the burglary; (2) If the separate crime committed within the burglarized premises carries a greater possible sentence, he should be sentenced for that separate crime. *State v. Woolard,* supra, 259 Or at 242-43.

In this case, both statutes defendant was accused of violating carried a possible maximum sentence of ten years. Former ORS 164.240; former ORS 164.030. The question thus arises as to which conviction and sentence must be vacated.

■ There is some merit in the proposition that a defendant in a situation such as this should be convicted and sentenced for his ultimate criminal act—in this case arson. The state argues that if we hold (as we have) that there may not be two convictions and two concurrent sentences, then the state should be entitled to elect on which charge the defendant will be convicted and sentenced. We cannot perceive any way in

which permitting the state such an election would prejudice a defendant. On the other hand, it is possible to imagine situations involving a series of crimes committed in one transaction about which reasonable men would differ as to which criminal act was the ultimate one. Accordingly, to facilitate judicial administration, we adopt the state's suggested rule.

It is the state's election in this case that defendant's conviction and sentence for arson be the one that is affirmed.

Conviction and sentence under Count II (arson) affirmed; conviction and sentence under Count I (burglary) reversed.