Argued June 17, affirmed July 14, 1975

STATE OF OREGON, *Respondent, v.* RICHARD
THOMAS MATHEWS (No. C 74-07-2145 Cr),
*Appellant.*

538 P2d 370

*Francis F. Yunker,* Portland, argued the cause for appellant. With him on the brief was Darrell E. Bewley, Portland.

*James C. Rhodes,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

Defendant was convicted of possession of a stolen motor vehicle, ORS 481.990, and appeals, assigning as error (1) the introduction at the trial of evidence of other crimes, and (2) the denial of his motion for mistrial on the grounds of misconduct of counsel.

In addition to evidence of the crime charged, evidence was admitted, over objection, of other instances, occurring at about the same time, of defendant's possession of and dealings in stolen automobile parts and stolen tools. The state urges its admission was proper for the purpose of showing his modus operandi and general scheme as well as showing that he knowingly possessed a stolen vehicle. The defendant claimed to operate a repair and assembly garage for four-wheel-drive vehicles. The evidence objected to tended to show that defendant was in the business of receiving auto parts and auto bodies which he knew to be stolen, reassembling them, obtaining spurious motor vehicle registrations, and then selling them as reassembled four-wheel-drive vehicles.

The state may not introduce evidence of other criminal acts merely to blacken defendant's character and to make it seem more likely that he would commit a crime. Evidence of modus operandi and general scheme is admissible when involving evidence of other

crimes only if sufficiently distinctive. *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975). Here, however, a key issue was the guilty knowledge of the defendant. In such a case, even though it involves evidence of other crimes, where the possession of other stolen goods is under circumstances which form the basis for a sound inference of guilty knowledge of the defendant in the transaction under inquiry, evidence of those facts is admissible. *State v. Goldstein,* 111 Or 221, 226, 224 P 1087 (1924); McCormick, Evidence 450, § 190 (hornbook series, 2d ed 1972); II Wigmore, Evidence 192, § 300 (3d ed 1940). *See also State v. Manrique,* supra; *State v. Holmes,* 22 Or App 23, 537 P2d 566, Sup Ct *review denied* (1975). Here a sound inference of guilty knowledge arose from the possession of the other stolen goods and the evidence was properly admitted as tending to prove that knowledge.

■ We turn now to defendant's other assignment of error, the refusal of defendant's motion for a mistrial for misconduct of counsel. In three instances the trial court sustained objections to improper questions or comments by the prosecutor. In one, the court gave a curative instruction and curative instructions were not requested in the other two but motions for mistrial were made. Generally, a motion for mistrial is a matter within the discretion of the trial court because it is usually in a better position to determine if the defendant has been prejudiced so that he will not receive a fair trial. *State v. Woolard,* 3 Or App 291, 472 P2d 837 (1970), *modified,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971). *See also State v. Thompson,* 22 Or App 146, 538 P2d 78, Sup Ct *review denied* (1975). The conduct of neither the prosecutor nor the defense counsel was exemplary, but our review convinces us that the trial court did not abuse its discretion in denying the motions.

Affirmed.