Argued and submitted October 24, reversed and remanded for
new trial December 15, 1980, reconsideration denied Feburary 26,
petition for review denied April 7, 1981 (290 Or 727)

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD B. REINGOLD,
*Appellant.*

(No. 18-935 (79-916), CA 17586)

620 P2d 964

Des Connall, Portland, argued the cause for appellant.
On the brief was Daniel C. Lorenz, Portland.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his conviction of Theft in the First Degree by receiving stolen property. He contends on appeal that the trial court erred in allowing the person from whom the defendant bought the stolen property to be brought into court in prison garb and restraints for the purpose of identification, and that the court further erred in allowing testimony regarding other crimes committed by that person. We agree and reverse.

Defendant was charged with Theft in the First Degree by receiving stolen property after rings which had been stolen from a Milwaukie jewelry store were found in defendant's jewelry store in Beaverton. During defendant's trial the state brought into the courtroom one Kenneth Jordan, who was identified by a witness as the person whom the witness had driven to defendant's store when the rings were sold to defendant. Jordan was brought into the courtroom solely for the purpose of that identification. He did not testify. When he was brought into the courtroom, he was dressed in a prison jumpsuit and slippers and was wearing handcuffs and had a chain around his waist. He was accompanied by a corrections officer. Jordan was later identified by a police officer as the person who had been charged with the theft of the jewelry from the Milwaukie store.

In addition to his identification of Jordan, the witness was allowed to respond, over defense counsel's objection, to questions about other jewelry thefts in which Jordan was involved. When questioned as to the purpose of such questions, the prosecutor replied, "Your Honor, it will be background information as far as the testimony about his knowledge of the jewelry in this particular case, the knowledge of the individual that—* * * [his knowledge] of jewelry thefts at a particular time." The witness testified that he knew that Jordan was involved in other jewel thefts nearly "[e]very day."

Defendant argues on appeal that whatever probative value the identification of Jordan in prison garb and restraints and the information about other jewelry thefts may have had was outweighed by the prejudicial impact of that identification and testimony on the jury. We agree.

In *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975), the Supreme Court noted the basic rules concerning admission of potentially prejudical evidence:

"The fundamental rule of evidence is that in order to be admissible evidence must be relevant, *i.e.,* have some probative value to prove some issue in a case, and that all relevant evidence is admissible unless it falls within one of the so-called 'exclusionary' rules of evidence. *See Trook v. Sagert,* 171 Or 680, 688, 138 P2d 900 (1943), and *State v. Kristich,* 226 Or 240, 244, 359 P2d 1106 (1961). It is equally well established that evidence may be rejected, although relevant, if its probative value is outweighed by various other considerations, including the danger of prejudice. McCormick on Evidence 438-39, § 185 (2d ed 1972). *See also State v. Zimmerlee,* 261 Or 49, 54, 492 P2d 795 (1972), and *State v. Harrison,* 253 Or 489, 491, 455 P2d 613 (1969)." *See also State v. Wasson,* 45 Or App 169, 607 P2d 792 (1980).

There was little, if any, probative value in the in-court identification of Jordan as the person the informant drove to defendant's store. The state was required to prove that the items found in defendant's possession were stolen, but there was clear and direct evidence that the rings were stolen and were found a few weeks later in defendant's store. There may have been none at all in the testimony about Jordan's other criminal activities, admitted as "background," which were not tied to defendant in any way. The danger of prejudice from both elements of testimony, however, is clear.

The tempting and obvious inference to be drawn by the jury from the challenged evidence was that anyone who bought jewelry from a person, such as the one brought into court in prison garb, handcuffs and chain and who was involved in jewelry thefts "every day," must have known that the jewelry was stolen.[1] A finding of guilt based on such an inference is impermissible.

---

[1] The possible prejudicial effect of displaying Jordan as he was in the courtroom is demonstrated by the fact that both the victim of the theft and one of defendant's employes who had observed Jordan in the stores where they were working testified that there was nothing unusual about his appearance, while a defense witness who had never seen Jordan before the trial testified that she had "an uneasy feeling seeing him out in the hallway with handcuffs on."

This is not the kind of situation involved in *State v. Tucker,* 30 Or app 765, 567 P2d 1089 (1977), and *State v. Mathews,* 22 Or App 128, 538 P2d 370 (1975), in which other crimes evidence was admissible because "* * * a sound inference of guilty knowledge arose from the possession of other stolen goods * * *." 22 Or App at 130. The evidence in this case did not relate to defendant's knowledge, but served only to portray him as dealing with an obvious "bad man."

> "And nothing makes it more difficult for a defendant to receive a fair and unbaised trial than for the jury to think that the defendant or his acquaintances are men of bad character. When the act with which the defendant is charged is related to the evidence of bad character, the prejudice is intensified." *United States v. Crawford,* 438 F2d 441, 446 (8th Cir 1971); *see also State v. Manrique, supra,* at 212.

We are aware that the element of knowledge in the offense of receiving stolen property must often be proved by circumstantial evidence. However, the probative value of the evidence admitted here was so slight, and the possible prejudice to defendant was so great, that its admission was error.

■ Although we find in our review of the record in this case that there was sufficient evidence on the issue of defendant's knowledge or belief that the jewelry he bought was stolen to present a jury question, we do not find that the identification of Jordan and the testimony about his involvement in other thefts of jewelry was harmless error. We cannot say the error committed was very unlikely to have changed the result of the trial. *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973).[2]

Reversed and remanded for new trial.

---

[2] Because of our disposition in this case, we need not reach defendant's final assignment of error.