Argued and submitted October 29, 1984, reversed and remanded for new trial
April 3, 1985

## STATE OF OREGON,
*Respondent,*

*v.*

## EARL MISAMORE PHELPS,
*Appellant.*

(10-83-05816; CA A32456)

698 P2d 43

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Defendant was convicted by a jury for the crime of unauthorized use of a motor vehicle. ORS 164.125. On appeal, he assigns error to the admission of "other crimes" evidence relating to the theft of a second vehicle and to the trial court's refusal to give a requested instruction to limit the jury's use of that evidence. We reverse and remand.

Defendant and Gambetti were in a 1962 pickup truck bearing expired license plates when they were stopped by Officer Tanquary on July 2, 1983. Gambetti, who was the driver, initially told Tanquary that they were taking the pickup for a test drive, and defendant nodded in an affirmative manner. Investigation established that the pickup belonged to Karen Lewotsky and that neither defendant nor Gambetti had permission to drive it.

Both defendant and Gambetti were taken into custody at the scene and charged with unauthorized use of a motor vehicle. At defendant's trial, the state in its case in chief introduced evidence over objection that, at the time of the stop, defendant was in possession of a key to a 1952 pickup, that the pickup to which that key belonged had been reported stolen the day before defendant and Gambetti were stopped in the Lewotsky vehicle, that the Lewotsky pickup and the 1952 pickup had been taken from locations about one block apart and that the 1952 pickup had been discovered in Gambetti's possession some three weeks after defendant and Gambetti were stopped in the Lewotsky pickup. Defendant testified that he had met Gambetti several weeks before the incident, that he was hitchhiking and was picked up by Gambetti shortly before the police stopped them and that Gambetti had given him the key as the police approached.

In his first assignment of error, defendant contends that the trial court should have excluded all evidence concerning the taking of the 1952 pickup. He argues that any probative value of that evidence is outweighed by the danger of unfair prejudice, not only because it concerns a crime not charged in the present indictment, but because it "had nothing to do with" defendant. Defendant asserts in his brief:

> "The record shows that Barry Gambetti was the only one who exercised control over that truck. The closest connection

between defendant and the [1952] truck was that the ignition key to that truck was in his pocket when he was arrested. Gambetti had just handed him that key when the officer approached them as they sat in the Lewotsky truck. Thus, defendant was saddled with a prior bad act - one not even his own. It was a prior crime of Gambetti. Nothing could be less relevant."

We reject defendant's suggestion that the evidence is wholly irrelevant because it shows only commission of another crime by Gambetti. Defendant's possession of the key is circumstantial evidence of his own involvement in the taking of the 1952 vehicle. Our inquiry, therefore, is whether the state was entitled to offer the evidence under an exception to the general rule that, because of the danger of unfair prejudice, evidence of a defendant's other crimes is inadmissible in a criminal case. *See State v. Manrique,* 271 Or 201, 531 P2d 239 (1975); *State v. Harshman,* 61 Or App 711, 658 P2d 1173 (1983).

OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, *knowledge,* identity, or absence of mistake or accident." (Emphasis supplied).

The state argues, and we agree, that defendant's knowledge of whether the Lewotsky vehicle, in which he was Gambetti's passenger, was taken unlawfully and was being operated unlawfully was a critical issue. Evidence of other crimes which forms the basis for an inference of guilty knowledge of the crime for which the defendant is charged is admissible. OEC 404(3); *State v. Mathews,* 22 Or App 128, 538 P2d 370 (1975). Defendant's possession of the key to another vehicle, which had been stolen a day earlier and which was subsequently found in the possession of his co-defendant Gambetti, gave rise to an inference that defendant knew that the Lewotsky vehicle was taken unlawfully and was being used unlawfully and that defendant was not the unknowing hitchhiker whom Gambetti had picked up shortly before the police stopped them, as defendant claimed. The evidence was properly admitted.

■     We conclude, however, that defendant's second assignment of error warrants reversal. Because there was a substantial possibility that the jury might consider the "other crimes" evidence for an improper purpose, defendant was entitled to an instruction limiting the jury's consideration of it to the issue of knowledge. *State v. Reyes,* 209 Or 595, 630-31, 303 P2d 519, 304 P2d 446, 308 P2d 182 (1957); *State v. Kincaide,* 43 Or App 73, 76-77, 602 P2d 307 (1979). The trial court erred in refusing defendant's requested cautionary instruction, and defendant preserved the error by an appropriate exception. Under the facts of this case, we cannot say that the error was harmless.

Reversed and remanded for a new trial.