Argued March 3, affirmed April 15, petition for
rehearing denied June 9, 1964

# STATE OF OREGON *v.* FROEMBLING

### 391 P. 2d 390

*E. Wayne Cordes,* Portland, argued the cause for appellant. With him on the briefs were White, Sutherland & White and John R. Gilbertson, Portland.

*John D. Burns,* Portland, argued the cause for respondent. With him on the brief were George Van Hoomissen, District Attorney, and Gerald R. Pullen, Deputy District Attorney, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

O'CONNELL, J.

The defendant appeals from a judgment of the Multnomah county circuit court correcting a previously imposed excessive sentence. The defendant was

originally sentenced to life imprisonment on February 9, 1958 and was also sentenced to serve three terms of ten years apiece. All of the sentences were to run concurrently. On July 21, 1961 the Marion county circuit court, in a post-conviction relief proceeding, declared the life sentence to be void. The order of the Marion county circuit court provided "[t]hat Multnomah County, Oregon, be and it is hereby allowed 30 days within which to return the plaintiff for further proceedings."

After several hearings held between December 11, 1962 and May 29, 1963 in the Multnomah county circuit court defendant was resentenced to serve fifteen years, the sentence to run consecutively with the ten year sentences.

In imposing the consecutive sentence of fifteen years no credit was given for time served under the original life sentence. Defendant (relying upon *Cannon v. Gladden,* 203 Or 629, 281 P2d 233 (1955) and ORS 137.370) argues that since he had started to serve the original life sentence he is entitled to credit for time served under that sentence and that, therefore, a consecutive sentence without credit for time served could not be imposed. Neither *Cannon v. Gladden,* supra, nor ORS 137.370 purport to deal with the situation which is before us; that is, where one of several concurrent sentences is declared invalid and defendant is subsequently resentenced to serve a consecutive term.

Unquestionably the trial judge could have imposed a consecutive fifteen year sentence when he originally imposed the concurrent ten year sentences upon defendant. If he had done so, defendant would not have been entitled to any credit for time served because he would not have been serving any part of the fif-

teen year sentence until the other sentences had terminated.

In the resentencing hearing the trial judge stated, "I felt at the time [when the original sentence was imposed] that Mr. Froembling should receive life, and nothing has changed my view, and I would be disposed to come as near that as it is within my legal authority to come." He further stated that "had I then realized that I could not have sentenced him for more than fifteen years on the charge which is presently before me I would have had the sentences run consecutively, but there was no occasion to have sentences of ten years run consecutively to a life sentence."

■ Under the circumstances of this case we are of the opinion that no error was committed in imposing the consecutive sentence for fifteen years without credit on that sentence for time served. We recognize that there are circumstances in which it would be mandatory upon the trial court in resentencing to give credit for time served,[1] but this is not such a case.

■ Here the error in the original proceeding consisted of imposing the wrong sentence for the crime charged. When that is the case the trial judge must change the sentence to correct the error and he must exercise his discretion anew in arriving at what he considers an appropriate sentence. He is entitled to fix the new sentence within the maximum allowable under the applicable statute so that it will most appropriately fit the circumstances of the case as he sees them. The test is whether the trial judge could have imposed the new sentence in the original proceeding. He clearly could have done so in the case at bar. At the time he

---

[1] Agata, Time Served Under a Reversed Sentence, 25 Mont L Rev 3 (1963); 33 Boston U L Rev 236 (1953); 45 Mich L Rev 912 (1947).

was resentenced defendant had not served time in excess of the three ten year concurrent sentences. It is not necessary to decide, therefore, whether he would have been entitled to credit for such excess time had that been the case. We hold that no error was committed in imposing the fifteen year sentence without credit for time served.

■ In the preamble to the order of the Marion county circuit court pronouncing the original sentence void the court found "that the said information does charge the plaintiff with the crime of assault with a dangerous weapon under ORS 163.250."[9] The maximum sentence for the violation of ORS 163.250 is ten years imprisonment in the penitentiary.

It is conceded that the information charged defendant with the crime of assault with the intent to kill in violation of ORS 163.270. The maximum sentence for the violation of ORS 163.270 is admittedly fifteen years. Defendant had entered a plea of guilty. Therefore, the sentence of fifteen years was appropriate to the crime unless the recital in the order of the Marion county court is controlling. The order was entered as a part of a proceeding brought under the Post-Conviction Hearing Act (ORS 138.510 to 138.680). There is nothing in the Post-Conviction Hearing Act which gave the Marion county circuit court authority to interpret the information as limiting the charge to a violation of ORS 163.250. Therefore, the recital in the order was a mere dictum which was not controlling upon the Multnomah county circuit court in resentencing defendant.

---

[9] Although the court denominates the sentence "void" it was in fact voidable only. Landreth v. Gladden, 213 Or 205, 324 P2d 475 (1958); Ex Parte Foster, 69 Or 319, 138 Pac 849 (1914).

The order also provided: "That Multnomah County, Oregon be and it is hereby allowed 30 days within which to return the plaintiff for further proceedings." Defendant was not returned to Multnomah county for resentencing within the prescribed period of 30 days. He contends that since the order was not complied with the Multnomah county circuit court had no jurisdiction to proceed further in the matter.

In *State ex rel Gladden v. Kelly*, 213 Or 197, 324 P2d 486 (1958) we held that the trial court does not exhaust its jurisdiction when the sentence imposed is void, and it may substitute a valid sentence for one that is invalid. The Multnomah county circuit court continued to have jurisdiction in this case to resentence defendant unless it can be said that the court lost jurisdiction after the expiration of the 30-day period prescribed in the order of the Marion county circuit court. That order is not to be regarded as a direction to the Multnomah county circuit court because the Marion county circuit court has no authority to direct another circuit court in this state to carry out an order. The order must be considered as a direction to the sheriff of Multnomah county to return defendant to the Multnomah county circuit court for resentencing. If the sheriff fails to comply with the order defendant can, by the appropriate procedure, obtain compliance with the order. The failure of the sheriff to comply with the order cannot work a divestiture of the jurisdiction of the Multnomah county circuit court to resentence defendant.

Defendant also argues that the Multnomah county circuit court lost jurisdiction because of the delay in bringing him before the court for resentencing. That question is not before us on this appeal. This appeal is in the same posture as if defendant had ap-

pealed from an original judgment of conviction. When a defendant pleads guilty, as he did in the present case, the only question which this court is authorized to consider is "whether an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed." ORS 138.050.[9] Defendant does not attack the judgment of the lower court on any of the grounds recited in ORS 138.050. He contends that the court lacked jurisdiction because of a delay in resentencing. That contention cannot constitute the foundation for an appeal from the judgment in this case.

The judgment is affirmed.

---

[9] State of Oregon v. Gidley, 231 Or 89, 371 P2d 992 (1962).