Argued July 5, affirmed September 9, 1966

# FROEMBLING *v.* GLADDEN
### 417 P. 2d 1020

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed a brief for appellant.

*David H. Blunt,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Cecil H. Quesseth, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PER CURIAM.

Petitioner seeks relief under the Post-Conviction Act. He appeals from a judgment in the form of an order allowing defendant's motion to quash the petition and dismissing petitioner's cause of action with prejudice.

The post-conviction proceeding in this case is the epilogue to *State v. Froembling,* 237 Or 616, 391 P2d 390 (1964), cert. den. 379 US 937, 85 S Ct 339, 13 L Ed2d 347. In that case defendant, the petitioner in the present proceedings, appealed from a judgment correcting a previously imposed excessive sentence. He had been sentenced to life imprisonment and three terms of ten years, all sentences to run concurrently. The life sentence was erroneously imposed. After defendant had been imprisoned he was resentenced to serve 15 years, the sentence to run consecutively with the ten-year sentences. We held that no error was committed in imposing the consecutive sentence without credit for time previously served.

In the present proceeding petitioner contends that the trial court, in resentencing him to a 15-year consecutive sentence, increased the punishment previously

imposed upon him and thereby violated his right not to be placed in double jeopardy and to due process and equal protection of the laws under the Oregon and United States Constitutions.

■■■■ The contention is without merit. In *State v. Froembling, supra,* we held that when a sentence is erroneously imposed the trial court "must exercise his discretion anew in ariving at what he considers an appropriate sentence" and that "the test is whether the trial judge could have imposed the new sentence in the original proceeding." 237 Or at 619, 391 P2d at 391. The subsequent proceeding under which defendant is resentenced should not be regarded as giving rise to a new jeopardy not previously existing—that jeopardy was present in the proceeding in which defendant was originally sentenced. In the original proceeding in which the first sentence was imposed defendant was not subjected to the sentence later imposed simply because the court made an error in sentencing. When, on resentencing, defendant receives no greater sentence than he could have been subjected to had there been no error in the original sentence, he has not been placed in double jeopardy.

The judgment is affirmed.