Argued and submitted June 21, reversed and remanded
for resentencing November 26, 1979

## STATE OF OREGON,
### *Respondent,*
#### *v.*
## NICHOLAS JOHN STOCKMAN,
### *Appellant.*

### (No. 18-108, CA 13066)

603 P2d 363

Stephanie A. Smythe, Deputy Public Defender,
lem, argued the cause for appellant. With her on the
ief was Gary D. Babcock, Public Defender, Salem.

[235]

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Gillette and Campbell, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

After defendant plead guilty to first degree rape, the trial court sentenced him to a prison term not to exceed 15 years, with a 7-1/2-year minimum sentence. Defendant appealed. This court reversed and remanded for resentencing based upon our prior holding that the statute authorizing trial courts to impose minimum sentences, ORS 144.110, was not applicable to offenses committed before its effective date. *State v. Stockman*, 36 Or App 172, 583 P2d 38 (1978).

At resentencing, the trial court stated that had it known that a minimum sentence was not permissible, it would have originally sentenced defendant to the maximum possible prison term, which is 20 years. The trial court then sentenced defendant to a prison term not to exceed 20 years. Defendant again appeals, contending the trial court had no authority to impose a more severe sentence than it had originally.

The state suggests, although not very strenuously, that defendant did not really receive a more severe sentence, contrasting the original 7-1/2-year minimum with the claim that under the Parole Board's matrix system defendant might now be eligible for parole in 48 months or less.[1] However, under the worst possible circumstances—loss of good time and denial of parole—defendant originally faced the possibility of 15 years' incarceration, and now faces the possibility of 20 years' incarceration. We conclude that the trial court's second sentence was more severe.

---

[1] There are several problems with the state's comparison. Even if defendant's original 7-1/2-year minimum sentence had been valid, he could have been paroled sooner "upon affirmative vote of at least four members of the [parole] board." ORS 144.110(2)(a).

Also, we note that at about the same time defendant was convicted of several different rapes in three different counties. The statement that he would be eligible for parole in 48 months or less comes from presentence reports prepared in two *individual* cases. We doubt that this statement remains true in light of all of the convictions ultimately entered against defendant.

[237]

The question thus becomes: When a defendant successfully appeals, challenging his sentence as distinguished from his conviction, on resentencing can the trial court impose a more severe sentence?

It is not clear whether the Oregon appellate courts have ever directly confronted or resolved this issue. Were the question one of first impression, there is a substantial argument in favor of an affirmative answer. Sentencing is based upon a gestalt evaluation of an offender and his offense. Sentencing courts often attempt to construct a unified package of various sentencing alternatives, such as incarceration plus recommendation for treatment as a sexually dangerous person, or probation plus restitution, etc. When such unified sentence is undone by an appellate determination that one component of it is erroneous, it can reasonably be contended that the sentencing court should be able to start anew, perhaps in the process constructing a new sentencing package that is more "severe" in some aspect.

The American Bar Association disagrees, but with all respect their disagreement appears to be based on a faulty premise. ABA Standards, Sentencing Alternatives and Procedures, § 3.8, p 198 (App Draft 1968) provides:

> "Where a conviction or sentence has been set aside on direct or collateral attack, the legislature should prohibit a new sentence for the same offense or a different offense based on the same conduct which is more severe than the prior sentence less time already served."[2]

The commentary to this section states: "The *only argument* which can justify an increase following a retrial is that the original sentence was too light, *either* because the first judge was too lenient *or* because new

---

[2] ABA Standards, Appellate Review of Sentences, § 3.4(b), p 56 (App Draft 1968), is even more emphatic:

> "On a remand for the purpose of re-sentencing an offender, no sentencing court should be empowered to impose a sentence which results in an increase over the sentence originally imposed."

acts have been presented." ABA Standards, *supra,* at 98-99 (emphasis supplied). However, the case before us illustrates that there is another possible situation, not that the first sentence was "too light," but that it contained one legally erroneous component; not that the trial court was originally "too lenient," but that it failed to legally effectuate the extent of punishment it intended; and not that the court was using resentencing to increase the punishment per se, but instead was merely trying to legally effectuate the extent of punishment it had always regarded as appropriate. It would appear that the draftsmen of the ABA standard did not recognize or consider this kind of situation; thus, they present no persuasive reason for applying the ABA standard in this context.

Despite our attraction to the argument that would permit what the trial court did in this case, and despite our doubt that the issue as presently stated has previously been resolved, the stronger indications in the Supreme Court's cases are that the trial court erred. In *State v. Turner,* 247 Or 301, 429 P2d 565 (1967), the defendant had been convicted, had appealed challenging the validity of his conviction, as distinguished from sentence, had won an appellate reversal, had been retried and again convicted, and at sentencing following his second trial had been given a more severe sentence than was imposed after the first trial. In the course of holding that upon resentencing the defendant was not subject to a more severe sentence than originally imposed, the Supreme Court quoted with apparent approval a preliminary version of the ABA standards set out above. 247 Or at 311. To the extent that the Supreme Court has incorporated those standards into Oregon law, that would be the end of our present inquiry.

There is, however, a contrary implication in *Turner.* The court's actual statement of its holding included a caveat: "After an appeal or post-conviction proceeding has resulted in the ordering of a retrial for errors *other than an erroneous sentence* * * * no harsher sentence

[239]

can be given than that initially imposed." 247 Or at 313 (emphasis supplied). This caveat might mean the Supreme Court did not intend the no-harsher-sentence rule to apply at resentencing following an appellate determination that the original sentence was erroneous.

It appears more likely, in context, that the intended meaning was to adhere to *State v. Froembling*, 237 Or 616, 391 P2d 390, *cert den* 379 US 937 (1964), and *Froembling v. Gladden*, 244 Or 314, 417 P2d 1020 (1966). In those cases the defendant was convicted of four offenses and sentenced to life imprisonment and three concurrent 10-year prison terms. The life sentence was erroneously imposed. The trial court resentenced on that conviction, imposing a 15-year prison term to run consecutively with the 10-year sentences. In both the direct appeal, *State v. Froembling, supra,* and subsequent post-conviction proceeding, *Froembling v. Gladden, supra,* the Supreme Court found no error in the trial court's resentence.

The facts involved in the *Froembling* cases are in one way similar and in one way dissimilar to this case. The similarity is: there the trial court said that had it known it could not initially impose a life sentence, it would have sentenced differently; here the trial court said that had it known it could not initially impose a minimum sentence, it would have sentenced differently. The dissimilarity is: there the effect of resentencing was a reduction in punishment (from life imprisonment to 25 years); here the effect of resentencing is an increase in punishment (from 15 to 20 years).

Language in *State v. Froembling, supra,* suggests that distinction should not produce a different result:

"Here the error in the original proceeding consisted of imposing the wrong sentence for the crime charged. When that is the case the trial judge must change the sentence to correct the error and he must exercise his discretion anew in arriving at what he considers an appropriate sentence. He is entitled to fix the new sentence within the maximum allowable

under the applicable statute so that it will most appropriately fit the circumstances of the case as he sees them. The test is whether the trial judge could have imposed the new sentence in the original proceeding * * *." 237 Or at 619.

We find it impossible, at least on the facts of this case, to reconcile this language with the rationale of *Turner:* (1) "the possibility of a more severe sentence in the event of a successful appeal * * * would 'chill' a defendant's desire to" appeal, *State v. Turner, supra,* 247 Or at 313; and (2) "when the state grants a criminal appeal as a matter of right to one convicted of a crime, as it has, our procedural policy should be not to limit that right by requiring the defendant to risk a more severe sentence in order to exercise that right of appeal," *State v. Turner, supra,* 247 Or at 315.

The *Froembling* rule—"The test is whether the trial judge could have imposed the new sentence in the original proceeding"—must be limited by *Turner* to situations where the trial court originally imposed an erroneously *excessive* sentence. In all other situations where the original sentence is erroneous for some other reason, as in this case, the "chilling effect" rationale of *Turner* suggests that no harsher sentence can be imposed at resentencing.[3]

Subsequent Supreme Court dispositions lend some support to this interpretation of *Froembling* and *Turner.* In *State v. Stalheim,* 275 Or 683, 552 P2d 829, 79 ALR3d 969 (1976), the defendant was convicted of two counts of negligent homicide and sentenced to proba-

---

[3] *State v. Nelson,* 246 Or 321, 424 P2d 223, (1967), *cert den* 389 US 964 (1967), seems to equate an erroneous sentence with a void judgment. Without here attempting to tackle the void versus voidable distinction, we note that such reasoning was rejected in *State v. Turner,* 247 Or 301, 429 P2d 565 (1967): "The reason given that the first trial sentence was 'void,' a 'nullity,' and, therefore, should be regarded as never happening, in our opinion, has no validity." 247 Or at 312. We further note, to document the degree of confusion that exists in this area, that the *Nelson* reasoning was more recently revived in *State v. Leathers,* 271 Or 236, 531 P2d 901 (1975): "A sentence must be in conformity with the governing statute; any nonconforming sentence is void for lack of authority and thus totally without legal effect." 271 Or at 240.

tion with a condition that he make restitution to a relative of the victims. That lenient sentence was further softened when the appellate courts determined that restitution could not be ordered on the facts of that case. This may be the classic situation where the trial court perhaps should have been permitted to say: "Had I known that restitution was not possible, I would not have considered probation appropriate punishment for killing two people." But the implication in the Supreme Court's opinion is that only the restitution condition was stricken, not that the trial court could reconsider its entire sentencing package.

The implication in *Stalheim* became an express holding in *State v. Martin*, 282 Or 583, 580 P2d 536 (1978). In *Martin* the defendant had been sentenced to probation with a condition that she not associate with her husband. The Supreme Court held that restriction impermissible. This is another situation where the trial court perhaps should have been permitted to say: "Had I known that such a condition was impermissible, I would not have sentenced to probation." But the Supreme Court necessarily rejected the possibility of the trial court imposing a new or different sentence when it stated its disposition to be "affirmed as modified," 282 Or at 590, *i.e.*, the sentence imposed remains in effect minus the restriction on defendant's association with her husband.

This is an area of law where some of the guideposts seem to point in opposite directions. *See* n 3, *supra.* But the thrust of *Turner* coupled with the actual dispositions in cases like *Stalheim* and *Martin* lead us to the conclusion that the Oregon Supreme Court has determined that, after a successful appellate challenge to a sentence, on grounds other than excessiveness as in *Froembling*, on resentencing the trial court can impose no greater punishment than it did initially.[4] It follows

[4] Very recently, in *State v. Holmes*, 287 Or 613, 601 P2d 1213 (1979), the Oregon Supreme Court held the *Turner* rule inapplicable to the specific facts of that probation-revocation case, but made no general

this case that the trial court cannot sentence
efendant to more than 15 years' imprisonment.

Reversed and remanded for resentencing.

---

atements about the applicability of *Turner* in other situations except to
te in passing that *Turner* did not arise out of a reversal because of an
roneous sentence.