Argued and submitted January 30, affirmed November 9,
reconsideration denied December 17, 1981,
petition for review denied February 3, 1982 (292 Or 568)

## STATE OF OREGON,
*Respondent,*

*v.*

## LARRY WAYNE KEY,
*Appellant.*

### (No. C 78-08-12636, CA 18615)

635 P2d 1039

Marianne Bottini, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals from his convictions for the crimes of assault, attempted sodomy, kidnapping and robbery, arising out of an episode in which a hitchhiker was slashed in the face with a knife by defendant, who was a passenger in the vehicle driven by a co-defendant. *See* the companion case, *State v. Ponce,* 54 Or App 581, 635 P2d 1042 (1981). We invalidated the stop of the vehicle by police in an earlier appeal in this case. *State v. Key,* 44 Or App 79, 604 P2d 1286 (1980); *see also, State v. Ponce,* 43 Or App 665, 603 P2d 1243 (1979). On remand, the trial court suppressed the show-up identification of defendant by the victim, but refused to suppress the courtroom identification. On appeal, defendant assigns error to the trial court's (1) refusal to suppress the courtroom identification of defendant and (2) failure to merge the assault conviction with the robbery.

■     The trial court did not err in admitting the courtroom identification of defendant. *United States v. Crews,* 445 US 463, 471-74, 100 S Ct 1244, 63 L Ed 2d 537 (1980); *State v. Ponce, supra.*

■     With regard to the second assignment, the trial court imposed separate, but concurrent, sentences for the assault and robbery convictions. The assault consisted of defendant's slashing the victim's face with a knife, the robbery of compelling the victim at knifepoint to turn over his wallet, several minutes after the knifing. Defendant contends (1) the assault and robbery should be merged, and (2) because the two convictions were merged for purposes of sentencing at the first trial, the court on retrial was without the power to increase the sanction after a successful appeal, under the rationale of *State v. Turner,* 247 Or 301, 429 P2d 565 (1967).

In support of a merger here, defendant cites *State v. Steele,* 33 Or App 491, 577 P2d 524 (1978), *rev den* 285 Or 195 (1979), in which we held that the assault and robbery convictions there involved should have been merged. We said:

> "* * * The robbery and assault charges are not completely unrelated, nor is either wholly a component part of the other. *But when the state relies upon precisely the same*

*act to establish the use-physical-force element of robbery and the cause-physical-injury element of assault, the assimilation of one crime into the other is so substantial as to warrant assuming a legislative intent to merge.* Moreover, the interest protected by the use-of-force element of robbery and the cause-physical-injury element of assault is the same. * * *" (Emphasis supplied.) 33 Or App at 497.

Here, the trial court found that a separate act established the "cause-physical-injury element" of assault:

"On the merger, I don't conclude that this is an appropriate case for a merger. The slashing of a young man with a knife appears to me, from the evidence I heard, just to be a gratuitous injury. It was done for the purpose of inflicting pain. There is no reason why it should be considered a part of any other crime. * * *"

Defendant does not argue merger should be based on a "single criminal objective" or "single criminal episode" theory. *See State v. Cloutier,* 286 Or 579, 597, 596 P2d 1278 (1979). On the facts of this case, we agree with the trial court that merger of the assault and robbery is not proper as a matter of law.

■ Defendant next argues that *State v. Turner, supra,* precludes imposition of a harsher sentence upon retrial following a successful appeal.[1] In *Turner,* the Supreme Court said:

"We believe that the interest of the public and the individual can best be served by the following rule: After an appeal or post-conviction proceeding has resulted in the ordering of a retrial for errors other than an erroneous sentence, such as in the *Froembling* cases [*Froembling v. Gladden,* 244 Or 314, 417 P2d 1020 (1966); *State v. Froembling,* 237 Or 616, 391 P2d 390, *cert den* 379 US 937 (1964)], and the defendant has again been convicted, no harsher sentence can be given than that initially imposed. If the initial sentence was incarceration, the defendant subsequently cannot be sentenced to any longer term than the time still to be served upon his initial sentence." 247 Or at 313.

---

[1] The state does not challenge the *State v. Turner, supra,* point on the ground that it was not argued at the time of sentencing. We note that defendant merely requested that the robbery and assault charges be merged "as was done the first time he was sentenced."

In this case, the sentence on its face does not result in a longer term than before. Defendant would have us apply *Turner* where the trial court has initially, but erroneously, merged two convictions, but on retrial following a successful appeal enters separate convictions with concurrent sentences. Whether defendant stands convicted of one or two felonies in this context might have "collateral future consequences" by placing an additional felony conviction against defendant, *e.g.,* under habitual offender laws in other states, *see State v. Fickes,* 36 Or App 361, 365, 584 P2d 770 (1978), or under the dangerous offender statute, ORS 161.725. However, the assault conviction here is one which *should* properly exist. *Cf. State v. Farr,* 8 Or App 78, 82 n 1, 492 P2d 305 (1971), *rev den, cert den* 406 US 973 (1972), ("The error [multiple convictions] substantially affects defendant's status by placing one felony conviction against him which should not exist.") The separation of the convictions and imposition of separate sentences, whether or not they run concurrently or consecutively, is an increase in sanction. *Turner* prohibits an increase in sanction after a successful appeal by the defendant in order not to "chill" the right of criminal defendants to appeal to correct an erroneously conducted trial. *State v. Turner, supra,* 247 Or at 313.

We hold that the policy of *Turner* is not applicable to cases where the sentence following the first trial was erroneous as a matter of law, as opposed to being within the trial court's discretion, and the trial court on remand corrects the error. The state may not appeal from a sentence, even though it is erroneous as a matter of law, ORS 138.060,[2] but ought not to be precluded from having a

---

[2] ORS 138.060 provides:

"The state may take an appeal from the circuit court or the district court to the Court of Appeals from:

"(1) An order made prior to trial dismissing or setting aside the accusatory instrument;

"(2) An order arresting the judgment;

"(3) An order made prior to trial suppressing evidence; or

"(4) An order made prior to trial for the return or restoration of things seized."

That statute is the only one permitting the state to appeal in criminal cases.

lawful sentence imposed following the second conviction. Although we recognize that such a rule may discourage an appeal by the defendant, we see no compelling reason why the defendant has a right to rely on an unlawfully imposed sentence.

Affirmed.