Argued and submitted March 28, sentence vacated;
remanded for resentencing August 29, 1984

# STATE OF OREGON,
*Respondent,*

*v.*

# RALPH EUGENE DOWNS,
*Appellant.*

## (83-079CR; CA A29545)

686 P2d 1041

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

PER CURIAM

## PER CURIAM

Defendant was sentenced to 20 years for manslaughter in the first degree and 10 years as a dangerous offender pursuant to ORS 161.725. The trial court ordered him to serve consecutive minimum terms of 10 years on the manslaughter conviction and 5 years as a dangerous offender. ORS 144.110. He appeals only from the sentence.

■ Defendant contends, and the state concedes, that the trial court erred in sentencing defendant for the crime *and* as a dangerous offender and in ordering him to serve two consecutive minimum terms. We accept the state's concession but decline its suggestion to modify the judgment. However, we agree that the trial court could properly have achieved the net sentence actually given—30 years with a 15-year minimum—under ORS 161.725. The dangerous offender statute allows a sentence of up to 30 years, and a 15-year minimum term may be imposed pursuant to ORS 144.110.

■■ Defendant argues that the trial court lacked authority to impose a minimum sentence after sentencing him as a dangerous offender and that minimum terms of imprisonment imposed pursuant to ORS 144.110(1) are violative of the Oregon and U. S. Constitutions, because they are disproportionate to the offense committed. Both arguments are without merit. *State v. Holmes,* 62 Or App 652, 661 P2d 556, *rev den* 295 Or 297 (1983); *State v. Turner,* 296 Or 451, 455, 676 P2d 873 (1984); *State v. Macy,* 295 Or 738, 671 P2d 92 (1983).

Sentence vacated; remanded for resentencing.