# HOMER GLENN COULTER,
*Respondent,*

*v.*

# MAASS,
*Appellant.*

### (87C-12076; CA A50292)

776 P2d 1318

Brenda J Peterson, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David B. Kuhns, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

The state appeals from a post-conviction judgment that vacated and set aside petitioner's sentence and remanded him to the Klamath County Circuit Court for resentencing.

At the time of petitioner's initial sentencing in 1979 for the crime of robbery in the first degree, the trial court found him to be a dangerous offender. The court then attempted to sentence him to the maximum term of imprisonment allowed by law: 20 years with a 10-year minimum on the robbery conviction and 10 years with a five-year minimum as a dangerous offender, the sentences to run consecutively. That sentence was set aside in an earlier post-conviction proceeding on the ground that the trial court could not sentence petitioner for the underlying crime and also impose a separate sentence for being a dangerous offender, relying on *State v. Downs,* 69 Or App 556, 686 P2d 1041 (1984). Petitioner was then remanded for resentencing.

When petitioner was resentenced, the trial court again found him to be a dangerous offender and imposed a sentence of 30 years with a 15-year minimum. Petitioner appealed that sentence, contending only that the trial court erred in sentencing him as a dangerous offender when the psychiatric examiner had concluded that he was not a dangerous offender. We affirmed the sentence, and the Supreme Court denied review, *State v. Coulter,* 84 Or App 213, 733 P2d 118, *rev den* 303 Or 331 (1987).

In this second post-conviction proceeding, petitioner contends that the sentence was unlawful in the light of *State v. Turner,* 247 Or 301, 429 P2d 565 (1967), and that his counsel on his appeal after the resentencing had rendered ineffective assistance, because he did not raise the unlawfulness of that sentence. The post-conviction court agreed.

In *State v. Turner, supra,* the court said:

"After an appeal or post-conviction proceeding has resulted in the ordering of a retrial for errors *other than an erroneous sentence,* * * * and the defendant has again been convicted, no harsher sentence can be given than that initially imposed. If the initial sentence was incarceration, the defendant subsequently cannot be sentenced to any longer term than the time

still to be served upon his initial sentence." 247 Or at 313. (Emphasis supplied.)

Because petitioner's initial sentence was erroneous, *Turner* does not control. The initial sentence was set aside because it was erroneous as a matter of law, and petitioner had no right to rely on the unlawfully imposed sentence to limit what could be done on resentencing. *State v. Key,* 54 Or App 575, 635 P2d 1039 (1981), *rev den* 292 Or 568 (1982). The 30-year sentence with a 15-year minimum is the maximum sentence authorized by ORS 161.725 and ORS 144.110. The trial court, in the original sentencing, clearly intended to impose the maximum but went about it unlawfully. On resentencing, it corrected that error and imposed the maximum sentence properly. Because the sentence imposed on resentencing was lawful, petitioner's appellate counsel did not represent him ineffectively when he failed to assign error to the length of the sentence. Accordingly, petitioner was not denied the effective assistance of counsel.

Reversed and remanded with instructions to dismiss the petition.