Submitted on record and briefs February 4, affirmed June 21, petition for review denied October 24, 2000 (331 Or 244)

STATE OF OREGON,
*Respondent,*

*v.*

MANUEL TEJEDA ALVAREZ,
*Appellant.*

(CF960143; CA A101280)

7 P3d 616

Marc Geller filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for first-degree robbery. He assigns error to the trial court's denial of his motions to suppress and to the sentence that the trial court imposed. We affirm, writing only to address defendant's contentions concerning the lawfulness of his sentence.

The facts relevant to the disposition of the appeal are not in dispute. Defendant was charged with first-degree robbery. He moved to suppress certain evidence, which motions the trial court denied on the ground that they had been untimely filed. Defendant ultimately was convicted. The conviction is subject to a 90-month minimum sentence under Ballot Measure 11 (1994). ORS 137.700(2)(a)(Q). The sentencing court, however, declared Ballot Measure 11 unconstitutional and sentenced defendant to 55 months with three years of post-prison supervision, the presumptive sentence prescribed by the sentencing guidelines. Both parties appealed from the judgment. Defendant challenged the denial of the suppression motions, and the state challenged the sentence.

While the appeals were pending, the Supreme Court issued its opinion in *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145, *cert den* 522 US 994 (1997), which, among other things, determined that the validity of a presumptive sentence was not reviewable on direct appeal and upheld the constitutionality of Ballot Measure 11 against numerous facial challenges. The state responded by dismissing its appeal, the trial court having imposed the presumptive sentence. Meanwhile, the parties agreed that the trial court should have addressed the merits of defendant's suppression motions. The parties jointly moved for a remand so that the trial court could reconsider the motions. This court allowed the motion in the following order:

> "The parties have filed a joint motion to vacate the final judgment entered in this case and to remand the case to the trial court for the purpose of conducting hearings on defendant's motions to suppress evidence filed on May 31, 1996. The motion is granted.
>
> "Judgment vacated; remanded."

On remand, the trial court heard the suppression motions and denied them. The court then entered sentence on the conviction. In light of the Supreme Court's ruling in *Huddleston* as to the constitutionality of Ballot Measure 11, the trial court imposed the 90-month sentence that Ballot Measure 11 requires. On appeal, defendant challenges the imposition of the 90-month sentence on two grounds.

First, defendant argues that imposition of the 90-month sentence is inconsistent with this court's order granting the parties' joint motion for remand. According to defendant, the joint motion stated that "the parties agree that, should defendant's motions be denied on remand, the trial court must reinstate the judgment of conviction." Defendant argues that "[t]his can only mean that the sentence was supposed to be reinstated at 55 months." Second, defendant argues that, under *State v. Turner*, 247 Or 301, 429 P2d 565 (1967), the trial court lacks authority to impose a greater sentence on remand than what was originally imposed.

■     We reject both arguments. To begin with, whatever the parties requested, this court's order clearly vacated the original judgment, thereby rendering it void. In so doing, this court vested the trial court with jurisdiction to resentence defendant once it had disposed of the suppression motions. *State v. Hamilton*, 158 Or App 258, 262, 974 P2d 245, *rev den* 329 Or 318 (1999) (trial court cannot modify a sentence once defendant has begun to serve it unless it "reacquires jurisdiction as a result of the vacation of the original judgment").

■     *Turner* is not to the contrary. In that case, the Supreme Court held that:

"After an appeal or post-conviction proceeding has resulted in the ordering of a retrial for errors other than an erroneous sentence, * * * and the defendant has again been convicted, no harsher sentence can be given than that initially imposed."

247 Or at 313. In subsequent cases, however, we have concluded that *Turner* does not apply when the original sentence was unlawful. *See, e.g., Coulter v. Maass*, 97 Or App 636, 639, 776 P2d 1318 (1989) ("Because petitioner's initial sentence was erroneous, *Turner* does not control."); *State v. Key*, 54 Or

App 575, 579, 635 P2d 1039 (1981) ("We hold that the policy of *Turner* is not applicable to cases where the sentence following the first trial was erroneous as a matter of law * * * and the trial court on remand corrects the error."). Given that Ballot Measure 11 requires the imposition of a minimum 90-month sentence, the 55-month sentence that the trial court originally imposed was, as a matter of law, erroneous. It follows that the trial court was within its authority to correct the error on remand.

Affirmed.