Argued and submitted October 30, 2008, remanded for resentencing; otherwise affirmed May 13, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD DALE PARTAIN,
*Defendant-Appellant.*

Polk County Circuit Court
03P3038; A132336

208 P3d 526

Ernest G. Lannet, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

ROSENBLUM, P. J.

**ROSENBLUM, J.**

In this criminal case, defendant was originally sentenced to a total term of 420 months in prison for 12 convictions. Defendant appealed. We vacated his sentence and remanded the case because the trial court had denied defendant eligibility for sentence-reduction programs on some of the convictions without making the findings required by ORS 137.750. On remand, the trial court imposed a total term of 600 months in prison. Defendant again appeals, arguing that the court lacked authority to impose a more severe sentence on remand. We remand for resentencing.

The pertinent facts are entirely procedural and are undisputed. In 2003, the trial court convicted defendant of four counts of first-degree sodomy (Counts 1 through 4), ORS 163.405, two counts of first-degree unlawful sexual penetration (Counts 5 and 6), ORS 163.411, two counts of first-degree sexual abuse (Counts 7 and 8), ORS 163.427, and four counts of incest (Counts 9 through 12), ORS 163.525. On each of the first six counts, the court imposed a sentence of 100 months pursuant to ORS 137.700. It ordered that the sentences on Counts 1, 2, and 5 would run consecutively, while the sentences on Counts 3, 4, and 6 would run concurrently. On Counts 7 and 8, the court imposed concurrent sentences of 75 months, again pursuant to ORS 137.700. On Counts 9 through 12, the court imposed presumptive guidelines sentences of 30 months, to run consecutively to each other and to the sentences imposed for Counts 1 though 8. Thus, the court sentenced defendant to a total of 420 months in prison.

Defendant appealed, arguing that, with respect to Counts 9 through 12, the trial court erred in imposing consecutive sentences and in denying defendant eligibility for sentence reduction programs without making findings in open court, as required by ORS 137.750. The state conceded that the court had erred in failing to make the findings required by ORS 137.750. The state and defendant thus filed a joint motion to vacate defendant's sentences and remand for resentencing. We granted the motion.

On remand, the court again imposed sentences of 100 months each on Counts 1 through 6, but it ordered all of

them to run consecutively. It again imposed concurrent sentences on Counts 7 and 8 and discharged the sentences on Counts 9 through 12.[1] The court thus imposed a total prison term of 600 months. It did not expressly state its reasons for imposing a greater sentence than it had at the original sentencing.

Defendant again appeals. The issues in this appeal center on the Supreme Court's opinion in *State v. Turner*, 247 Or 301, 429 P2d 565 (1967), and its progeny, so, before we recount the parties' arguments, we pause briefly to review those cases. In *Turner*, the defendant was convicted of assault and sentenced to five years in prison. His conviction was overturned on appeal, and a new trial was ordered. He was again convicted, and the court imposed a sentence of seven years. The defendant appealed, arguing that the trial court could not impose a greater sentence than it had after the first trial. In addressing that issue, the Supreme Court construed ORS 138.020, which provides that "[e]ither the state or the defendant may as a matter of right appeal from a judgment in a criminal action * * *." The court concluded that,

> "when the state grants a criminal appeal as a matter of right to one convicted of a crime, as it has, our procedural policy should be not to limit that right by requiring the defendant to risk a more severe sentence in order to exercise that right of appeal."

247 Or at 315. It observed that "the possibility of a more severe sentence in the event of a successful appeal or post-conviction proceeding and a subsequent new trial and conviction would 'chill' a defendant's desire to correct an erroneously conducted initial trial." *Id.* at 313. It therefore held that, under ORS 138.020, "[a]fter an appeal or post-conviction proceeding has resulted in the ordering of a retrial for errors other than an erroneous sentence, * * * and the defendant has again been convicted, no harsher sentence can

---

[1] Defendant argued, and the state agreed, that, because the convictions on Counts 9 through 12 were based on the same acts that gave rise to the convictions on Counts 1 through 4, respectively, under the "shift to column I" rule, *see* OAR 213-012-0020(2)(a), the presumptive sentence on Counts 9 through 12 was probation. Rather than imposing probation, which the court saw as pointless under the circumstances, it discharged the sentences on those four counts.

be given than that initially imposed." *Id. See also State v. Davis*, 216 Or App 456, 469, 174 P3d 1022 (2007), *rev den*, 344 Or 401 (2008) (noting that, in *Turner*, the Supreme Court purported to construe ORS 138.020, even though its construction was not based on the text or legislative history of that provision).

In *State v. Stockman*, 43 Or App 235, 242, 603 P2d 363 (1979), this court held that the *Turner* principle applies following a defendant's successful challenge to a sentencing error on a ground other than unlawful excessiveness of the sentence.[2] We have since identified limited circumstances in which *Turner* does not apply. *See Davis*, 216 Or App at 470 (*Turner* does not apply when imposition of the sentence on remand does not involve any exercise of judicial discretion); *State v. Alvarez*, 168 Or App 393, 396, 7 P3d 616, *rev den*, 331 Or 244 (2000) (*Turner* does not apply when the sentence originally imposed was unlawful).

■    With that background in mind, we turn to the parties' arguments. Defendant asserts that he successfully appealed based on a procedural sentencing error, as opposed to an erroneously excessive sentence, and that, under *Turner* and *Stockman*, the trial court was barred from imposing a greater total sentence on remand. The state responds that the legislature overruled *Turner* when it enacted ORS 138.222(5)(a),[3] *see* Or Laws 1993, ch 692, § 2, which provides that, when a case is remanded for resentencing, the court may impose a new sentence for any conviction in the remanded case. In all events, the state contends, *Turner* and its progeny stand only for the proposition that a trial court cannot *punish* a criminal defendant for seeking appellate review, not for a general proposition that a defendant cannot, as a matter of law, receive a greater sentence on remand. Finally, the state argues that the trial court did not impose

---

[2] Defendant asks that we reconsider the "excessiveness" exception to the general principle. As defendant acknowledges, his case does not turn on that issue, so we decline to revisit it.

[3] When the legislature enacted the pertinent statutory provision in 1993, it was codified at ORS 138.222(5). For the sake of clarity, we refer to it by its current numbering, ORS 138.222(5)(a).

the greater sentence in order to punish defendant for appealing the original judgment. It contends that the court reassessed the facts underlying defendant's convictions and imposed the new sentence based on the abhorrent nature of defendant's crimes.

We begin with the state's contention that, by enacting ORS 138.222(5)(a), the legislature supplanted the principle articulated in *Turner*—that is, that the legislature implicitly repealed the *Turner* interpretation of ORS 138.020. The state's argument raises a question of statutory construction. To determine the legislature's intent in enacting a statute, we look to the text of the statute in context and to the legislative history and, if necessary, to other interpretive aids. *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009); *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

We begin with the text of ORS 138.222(5)(a), which provides, in part:

> "If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case."

The state argues that, given that the statute does not impose the restrictions set forth in *Turner* and that it was enacted more recently than the case was decided, we should read ORS 138.222(5)(a) as "trumping" the *Turner* interpretation of ORS 138.020.

■ The problem with the state's argument is that "[r]epeal by implication is not favored and must be established by 'plain, unavoidable, and irreconcilable repugnancy.'" *State v. Langdon*, 330 Or 72, 81, 999 P2d 1127 (2000) (quoting *State v. Shumway*, 291 Or 153, 162, 630 P2d 796 (1981)). ORS 138.222(5)(a) and ORS 138.020, as construed in *Turner*, are not in irreconcilable conflict. It is possible to apply both statutes by permitting a trial court to impose any sentence on remand within the limits set forth in *Turner* and its progeny.

It bears noting that the legislative history of ORS 138.222(5)(a) is also devoid of any suggestion that the legislature intended to supplant *Turner*. The state cites testimony before the legislature suggesting that ORS 138.222(5)(a) was enacted in response to our opinion in *State v. Smith*, 116 Or App 558, 842 P2d 805 (1992), *rev'd*, 323 Or 450, 918 P2d 824 (1996). That case did not involve the question whether the trial court could, on remand, impose a *greater* sentence, so its role in the enactment of ORS 138.222(5)(a) sheds no light on the legislature's intent with respect to the question before us. The state concedes that there is no mention of *Turner* or the rule for which it stands in any of the legislative history materials. Although the absence of evidence in legislative history ordinarily does not preclude a particular interpretation of a statute, it stands to reason that, if the legislature intended to repeal the *Turner* principle, *someone* would have mentioned it in the course of the legislative process. We reject the state's contention that ORS 138.222(5)(a) impliedly repealed the *Turner* interpretation of ORS 138.020.

■ That conclusion does not end our inquiry. As noted, the state argues that *Turner* stands only for the proposition that a trial court cannot *punish* a criminal defendant for seeking appellate review, not for a general proposition that a defendant cannot, as a matter of law, receive a greater sentence on remand. According to the state, the trial court did not seek to punish defendant for appealing, but imposed the new sentence based on its reassessment of the facts underlying his convictions.

We agree that *Turner* does not preclude the imposition of a greater sentence in every instance. *See Davis*, 216 Or App at 470 (no judicial discretion in imposing new sentence); *Alvarez*, 168 Or App at 396 (unlawful original sentence). However, in *Turner*, the Supreme Court established " 'a standard that is prophylactic in effect, and easily administered, whereby sentencing judges are not given power to increase a sentence,' " citing "difficulties in judicial administration" if a reviewing court were required to make subjective determinations about "the motive for the more severe sentence * * *." 247 Or at 314 (citation omitted). Accordingly, the fact that the trial court here may not have been motivated by a desire

to punish defendant for appealing his original sentence is irrelevant.

Moreover, in adopting the rule in *Turner*, the court noted that, although it subscribed to "the principle that the trial court should be given wide latitude in fixing the sentencing," when a case has been remanded for resentencing, "there is no reason to conclude that the public interest is better served by the second sentence than the first." *Id.* at 312-13. Thus, the court did not leave room for trial courts to reassess the underlying facts in determining that a greater sentence is appropriate on remand.

For the reasons stated above, under the circumstances, we conclude that, under *Turner* and *Stockman*, the trial court was precluded from imposing a greater sentence on remand.

Remanded for resentencing; otherwise affirmed.