Submitted February 26, affirmed August 19, petition for review denied October 21, 2009 (347 Or 290)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DAVID ERNEST GILDERSLEEVE,
aka Jack Johnson,
*Defendant-Appellant.*

Multnomah County Circuit Court
010231463; A134567

215 P3d 117

Peter Gartlan, Chief Defender, Legal Services Division, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

BREWER, C. J.

**BREWER, C. J.**

Defendant was convicted in 2001 of attempted aggravated murder, first-degree robbery with a firearm, felon in possession of a firearm, and unauthorized use of a vehicle. Shortly thereafter, he was sentenced in federal court for a federal armed bank robbery conviction. Defendant appealed his state convictions and sentence, and this court affirmed his convictions but remanded for resentencing. *State v. Gildersleeve*, 202 Or App 215, 216, 121 P3d 663, *rev den*, 339 Or 610 (2005). On remand, the trial court resentenced defendant. He again appeals, challenging both his convictions and his sentence. We reject defendant's challenge to his convictions without discussion. For the reasons explained below, we affirm his sentence.

The relevant facts are procedural. Defendant's original sentence was structured as follows: On Count 1, attempted aggravated murder, the trial court imposed an upward departure sentence of 240 months' imprisonment, noting that 120 months of that sentence were subject to Measure 11; on Count 2, first-degree robbery with a firearm, the court imposed a 130-month sentence, with 60 months to be served consecutively to the sentence on Count 1; on Count 3, felon in possession of a firearm, the court imposed a 30-month sentence, to be served concurrently with the sentence on Count 1; on Count 4, unauthorized use of a vehicle, the court imposed a six-month sentence, to be served concurrently with the sentence on Count 1. The court also imposed 25-year dangerous offender sentences on Counts 1 and 2. ORS 161.725 - 161.737.

As initially sentenced, defendant's state prison sentence totaled 300 months.

Shortly thereafter, defendant was sentenced in federal court for a different crime. The federal court ordered defendant to serve 235 months in federal custody, with 60 months of that total to be served consecutively to the state sentence originally imposed in this case. The total of defendant's sentences for the state and federal crimes was thus 360 months.

As noted, defendant appealed, arguing, among other things, that the trial court had erred in imposing the dangerous offender sentences on Counts 1 and 2. We agreed, citing *State v. Warren*, 195 Or App 656, 98 P3d 1129 (2004), *rev den*, 340 Or 201 (2006), for the following proposition:

> "[D]angerous offender sentences in excess of the prescribed statutory maximum sentence that otherwise would apply run afoul of *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because such enhanced sentences are based on judicial findings of fact rather than on facts found by the jury or admitted by the defendant."

*Gildersleeve*, 202 Or App at 216. We affirmed defendant's convictions and remanded for resentencing, without addressing defendant's other arguments regarding his sentence.

■ At resentencing, the parties and the trial court discussed at length the general rule that a sentence imposed on remand may not be more severe than the original sentence. As the Supreme Court explained in *State v. Turner*, 247 Or 301, 313, 429 P2d 565 (1967), "[a]fter an appeal or post-conviction proceeding has resulted in the ordering of a retrial for errors other than an erroneous sentence * * * and the defendant has again been convicted, no harsher sentence can be given than that initially imposed." Indeed, it is clear from the transcript of the resentencing hearing that the court and the parties sought to reach a sentence that honored that principle. It also is clear that the trial court intended to fashion a sentence that would result in a slightly shorter incarceration term—based on defendant's good behavior in prison during the pendency of the appeal—than the original sentence. As the trial court explained, "[i]t is my goal to, it was and is my goal to get [defendant] as close to the same sentence as he originally received, taking into consideration things that have happened since then."

Ultimately, following extended discussion of the effect of defendant's federal sentence and the possible sentences under current state law, the trial court imposed the following sentence: On Count 1, attempted aggravated murder, the court imposed a presumptive sentence of

130 months, with 120 months imposed pursuant to Measure 11. The court ordered defendant to serve the sentence on Count 1 consecutively to his sentence in federal court. On Count 2, first-degree robbery with a firearm, the court imposed a 90-month Measure 11 sentence (with a 60-month gun minimum), to run concurrently with the sentence on Count 1. On Count 3, felon in possession of a firearm, the court imposed a 30-month presumptive sentence, to be served concurrently with his sentence on Counts 1 and 2. Finally, on Count 4, unauthorized use of a vehicle, the court imposed a six-month sentence, to run concurrently with the sentences on Counts 1, 2, and 3. The state did not seek, and the trial court did not impose, dangerous offender sentences.

After resentencing, defendant's state prison sentence totaled 130 months—170 months shorter than his original state sentence. The parties and the court agreed that, when this court vacated defendant's sentence following his first appeal, the federal sentence became effective and defendant began serving that sentence. The discussions at the resentencing hearing suggested that, depending on the length of defendant's federal sentence reduction (that is, reductions for good behavior and the like), the total combined state and federal sentences after resentencing was between 318 and 365 months. Thus, defendant's combined sentences after remand arguably exceed his original combined sentences by five months.

On appeal, focusing on the combined federal and state sentences and relying on *Turner*, defendant argues that the trial court erred in imposing a sentence that is longer than the sentence he originally received: "[T]he new sentences, when added to the entire 235-month federal sentence, exceeded the total of the original sentences by five months." The state makes two responses. First, it asserts, this case falls under an exception to the *Turner* principle for cases of resentencing when the original sentence was unlawful. *See, e.g., State v. Alvarez*, 168 Or App 393, 396, 7 P3d 616, *rev den*, 331 Or 244 (2000) (stating that, in cases decided after *Turner*, this court has concluded "that *Turner* does not apply when the original sentence was unlawful"). Here, the state argues, the original sentence was unlawful because portions of it violated the *Blakely* rule, so the trial court was free to fashion

any lawful sentence on remand. Alluding to another case in which we limited the *Turner* rule, the state asserts that, in resentencing, the trial court had to apply the sentencing guidelines and Measure 11, so, "[f]or all practical purposes * * * the trial court had no discretion when imposing sentence, other than to determine the portion of the sentence which was to be consecutive to the federal sentence defendant was already serving." *See State v. Davis*, 216 Or App 456, 470, 174 P3d 1022 (2007), *rev den*, 344 Or 401 (2008) (*Turner* principle does not apply to resentencing when new sentence is legislatively mandated and trial court has no discretion).

Alternatively, the state asserts, the sentence imposed on remand is not clearly more onerous than the original sentence. That is, defendant may be eligible for up to a 20 percent sentence reduction of his federal sentence. If that reduction occurs, the federal sentence will be 188 months, which, combined with the 130 months imposed in this case, would result in a sentence of only 318 months—shorter than the combined original sentences. "Even if the state and federal sentences are viewed together," the state urges, "it is impossible to determine whether the new sentence is shorter or longer than the original sentence, because of the uncertainty surrounding the actual length of the federal sentence."

We resolve the dispute on what is perhaps a more fundamental ground, *viz.*, that defendant's federal sentence should not be taken into account in determining whether his state sentence on remand is more onerous than his original state sentence. We are aware of no authority for the proposition that a defendant's sentence for a federal crime, imposed by a federal court, should have any bearing on the application of the *Turner* rule—a rule that is directed to Oregon courts sentencing offenders for Oregon crimes and is based on the Supreme Court's interpretation of a state statute, ORS 138.020. *See Davis*, 216 Or App at 469 ("[T]he principle announced in *Turner* is, at least by its own terms, ultimately 'statutory' and not constitutional.").

As the court explained in *Davis*, *Turner* was decided in an "environment of pervasive judicial sentencing discretion," when there was, "at least a hypothetical prospect of

retaliation for a successful appeal." *Id.* at 470. It was addressed to the problems that could arise in state sentencing proceedings in an era when judges' sentencing discretion was not—as it is now—highly constrained by such statutory directives as those found in Measure 11 and the sentencing guidelines. We see no reason that the *Turner* doctrine should be extended to require resentencing courts to take into account sentences imposed in a different case in a different jurisdiction. Nor does anything in ORS 138.020, the statute in which *Turner* "purports to be grounded," *Davis*, 216 Or App at 471, support such an approach.

Here, defendant's original state sentence for his crimes totaled 300 months' incarceration. On remand, the trial court imposed a total of 130 months of incarceration. Because defendant's sentence on remand is less onerous than his original sentence, *Turner* has no application in this case, and the trial court did not err.

Affirmed.