217 P.3d 697 (2009)
231 Or. App. 193
STATE of Oregon, Plaintiff-Respondent,
v.
Leroy Edwin THOMPSON, Defendant-Appellant.
F13291; A137716.
Court of Appeals of Oregon.
Argued and Submitted March 6, 2009.
Decided September 30, 2009.
Rankin Johnson IV, Portland, argued the cause for appellant. With him on the brief was the Law Office of Rankin Johnson IV, LLC.
Anna M. Joyce, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.
Before EDMONDS, Presiding Judge, and WOLLHEIM, Judge, and SERCOMBE, Judge.
WOLLHEIM, J.
This case concerns the scope of the trial court's authority to impose restitution on remand after defendant had successfully challenged the trial court's earlier imposition of compensatory fines in a lesser amount. Defendant argues that the trial court's imposition, on remand, of restitution in an amount greater than the compensatory fine impermissibly burdened defendant's statutory right to appeal. We affirm.
The procedural facts are undisputed. Defendant was convicted of first-degree sexual abuse, ORS 163.427, and third-degree sexual abuse, ORS 163.415. The trial court sentenced defendant to a term of incarceration plus a compensatory fine of $1,000 on each count. On appeal from that sentence, the state conceded that the evidence did not establish that the victims had suffered a pecuniary loss. We accepted the state's concession, vacated the compensatory fine, and remanded for resentencing. State v. Thompson, 214 Or.App. 471, 472, 166 P.3d 575 (2007).
On remand, the state argued that the trial court should hold an evidentiary hearing "to determine the amount of a compensatory fine or restitution that it is legally possible to award." In addition, the state argued that, at such an evidentiary hearing, it should be allowed to introduce evidence that one of the victims incurred counseling expenses after *698 the date of the original sentencing hearing. Defendant argued that the trial court could not receive any evidence concerning a restitution claim of expenses incurred after the original sentencing proceeding. Defendant also asserted that State v. Martin, 288 Or. 643, 607 P.2d 171 (1980), and State v. Turner, 247 Or. 301, 429 P.2d 565 (1967), foreclosed the court from imposing an amount of restitution in the new sentence greater than the amount of the compensatory fines in the original sentence. The trial court overruled defendant's objection and conducted an evidentiary hearing. The state presented evidence that a victim had incurred counseling expenses of $4,500 due to defendant's crimes. Based on that uncontroverted evidence, the trial court issued an amended judgment imposing the same terms of incarceration, no compensatory fine, and a restitution award of $4,500.
On appeal, defendant assigns error only to the trial court's imposition of restitution, relying on Turner for the proposition that, because the $4,500 award of restitution in the new sentence is more onerous than the $2,000 compensatory fine in the original sentence, that award of restitution improperly burdens defendant's right to appeal. Defendant does not assign error to the trial court's decision to conduct a new evidentiary hearing allowing the state to introduce new evidence, including evidence of expenses incurred by a victim after the date of the original sentencing.
We begin with the applicable rule from Turner. In that case, the Supreme Court reasoned that "the possibility of a more severe sentence in the event of a successful appeal * * * would `chill' a defendant's desire to correct an erroneously conducted initial trial." 247 Or. at 313, 429 P.2d 565. Accordingly, the court concluded that "[a]fter an appeal * * * has resulted in the ordering of a retrial for errors other than an erroneous sentence, * * * no harsher sentence can be given than that initially imposed." Id.
Subsequently, we have identified two circumstances in which the general rule from Turner does not apply: (1) when the imposition of the sentence on remand does not involve the exercise of judicial discretion, and (2) when the sentence originally imposed was unlawful. State v. Partain, 228 Or.App. 329, 333, 208 P.3d 526 (2009) (citing State v. Davis, 216 Or.App. 456, 470, 174 P.3d 1022 (2007), rev. den., 344 Or. 401, 182 P.3d 200 (2008), and State v. Alvarez, 168 Or.App. 393, 396, 7 P.3d 616, rev. den., 331 Or. 244, 18 P.3d 1099 (2000)). Specifically, we have observed that "[n]othing in any case applying Turner purports to compel a trial court not to impose a legislatively mandated sentence, as opposed to a sentence permitted within a range of discretion." Davis, 216 Or.App. at 471, 174 P.3d 1022. Thus, where a new sentence is "the product of a legislatively mandated, nondiscretionary change in the prescribed sentence," the trial court is compelled to impose that sentence even if the new sentence imposes a greater term of incarceration. Id. at 470, 174 P.3d 1022.
In this case, we examine whether the trial court had any discretion to impose the amount of restitution ordered in the judgment. The evidence introduced at the hearing on remand established that one of the victims attended psychological counseling sessions and incurred expenses of $4,500 as a result of defendant's criminal misconduct. Defendant does not, on appeal, challenge the trial court's decision allowing the state to present that evidence. Based on that evidence, the trial court found that a victim incurred $4,500 in economic damages from defendant's criminal misconduct.
ORS 137.106 (2005), amended by Or. Laws 2007, ch. 482, § 1, provided, in part:
"(1) * * * If the court finds from the evidence presented that a victim suffered economic damages * * *, the court shall:

"(a) Include in the judgment a requirement that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court.
"* * * * *
"(4) * * * [A] court may delay the enforcement of the monetary sanctions, including restitution, only if the defendant alleges and establishes to the satisfaction of the court the defendant's inability to pay *699 the judgment in full at the time the judgment is entered * * *."
(Emphasis added.) Accordingly, when the trial court found that the victim had incurred economic damages in the amount of $4,500, it was legislatively required by ORS 137.106(1)(a) to impose restitution in that amount. The court could have delayed the enforcement of the monetary sanctions if defendant had established that he was unable to pay the judgment in full. Defendant did not establish that that exception applied. Consequently, because the imposition of the sentence on remand did not involve any exercise of judicial discretion, the general rule from Turner does not apply to this case. The trial court did not err by imposing restitution in the amount of $4,500.
Affirmed.